AMERICAN MODULARS CORPORATION, APPELLANT, *v.* LINDLEY, TAX COMMR., APPELLEE.

(No. 77-657—Decided May 24, 1978.)

*Messrs. Glander, Brant, Ledman & Newman, Mr. C. Emory Glander* and *Mr. Charles F. Glander,* for appellant.
*Mr. William J. Brown,* attorney general, and *Mr. John C. Duffy, Jr.,* for appellee.

WILLIAM B. BROWN, J. Pursuant to R. C. 5739.02 and 5741.02, the state of Ohio levies either a four percent use tax or a four percent sales tax on all tangible personal property sold at retail or stored, used or consumed within its borders. R. C. 5739.02 levies a sales tax on any property purchased in the state. R. C. 5741.02 levies a use tax on any property purchased out of state but stored, used or otherwise consumed in the state.[1] Moreover, it equalizes the tax burden imposed on in- and out-of-state purchases[2] by excepting from state use tax any property purchased in the state. R. C. 5741.02(C)(1).

Individual counties are also authorized but not required to levy additional one-half percent sales and use taxes on property purchased or used within their boundaries. R. C. 5739.021; 5741.021. Those county sales and use taxes are only imposed "in addition" to state sales and use taxes.[3] As a result, the same exceptions which apply to

---

[1]R. C. 5739.02 provides, in pertinent part:

"* * * [A]n excise tax is hereby levied on each retail sale made in this state."

R. C. 5741.02 provides, in pertinent part:

"(A) * * * [A]n excise tax is hereby levied on the storage, use, or other consumption in this state of tangible personal property * * *.

"* * *

"(C) The tax does not apply to the storage, use or consumption in this state of the following described tangible personal property, nor to the storage, use, or consumption in this state of tangible personal property purchased under the following described circumstances:

"(1) When the sale of property in this state is subject to the excise tax imposed by sections 5739.01 to 5739.31 of the Revised Code, provided said tax has been paid * * *."

[2]The Ohio use tax "is complementary or supplemental to the 'sales tax' and is not designed to duplicate it." Celina Mutual Ins. Co. v. Bowers (1965), 5 Ohio St. 2d 12, 15.

[3]R. C. 5739.021 provides, in pertinent part:

"* * * [A]ny county may levy a tax at the rate of one-half of one per cent in addition to the tax imposed by section 5739.02 of the Revised Code upon every retail sale, except sales of motor vehicles, made in the county. * * *

"(A) The tax on every retail sale subject to a tax levied pursuant to this section shall be in addition to the tax levied by section 5739.02 of the Revised Code.

"* * *

the state sales and use taxes apply to the county sales and use taxes as well.

The main issue raised in the instant cause is whether R. C. 5741.021, as a permissive local use tax incorporating the exceptions of a mandatory state use tax, violates the Commerce Clause of the United States Constitution.[*]

The purpose of the Commerce Clause of the United States Constitution is to create "an area of trade free from interference by the States. * * *" *Freeman* v. *Hewit* (1946), 329 U. S. 249, 252. The United States Supreme Court has preserved that area of trade by declaring unconstitutional those state actions "which may fairly be deemed to have the effect of impeding the free flow of trade between the States" (*Freeman, supra*, at page 252), whether the state action also subjects local commerce to an encumbrance (*Freeman, supra*) or the state action discriminates against interstate business by providing a direct commercial advantage to local business. *Halliburton Oil Well Cementing Co.* v. *Reily* (1963), 373 U. S. 64; *Northwestern States Portland Cement Co.* v. *Minnesota* (1959), 358 U. S. 450; *Welton* v. *Missouri* (1876), 91 U. S. 275. Moreover, such discrimination will be held unconstitutional even if it occurs merely in a statute's "practical operation." *Best & Co.* v. *Maxwell* (1940), 311 U. S. 454, 456.

The state action at issue in the instant cause is a permissive county use tax levied on goods used within a taxing county. The question before this court is whether that

"(C) Any tax levied pursuant to this section is subject to the exemptions provided in section 5739.02 of the Revised Code and in addition shall not be applicable to sales not within the taxing power of a county under the constitution of the United States or the constitution of this state."

R. C. 5741.021 also provides that the county use tax is to be imposed in addition to the state use tax. (R. C. 5741.021 [A].)

[*]Appellee Tax Commissioner argues that the county permissive use tax provided for in R. C. 5741.021 does not unconstitutionally burden interstate commerce because the tax provides for equal treatment of in-state and out-of-state taxpayers. This argument is without merit because all that is at issue in the instant cause is the non-discriminatory tax treatment of out-of-state purchases by Ohio taxpayers on which no out-of-state tax or less than a four percent state tax has been paid.

tax burdens interstate commerce by discriminating against the acquisition of goods when those goods are acquired out of state. *Halliburton Oil Well Cementing Co., supra*, at page 70; *Henneford* v. *Silas Mason Co.* (1937), 300 U. S. 577, 583-584.

R. C. 5741.021 provides, in pertinent part:

"* * * [A]ny county which levies a tax pursuant to section 5739.021 of the Revised Code [the county sales tax provision] shall levy a tax at the same rate levied pursuant to section 5739.021 of the Revised Code * * * and, in addition to that imposed by section 5741.02 of the Revised Code, on the storage, use, or other consumption in the county of tangible personal property which is subject to the tax levied by this state as provided in section 5741.02 of the Revised Code. * * *

"(A) The tax on the storage, use, or other consumption of tangible personal property levied pursuant to this section shall be in addition to the tax levied by section 5741.02 of the Revised Code.

"* * *

"(C) The tax levied pursuant to this section shall not be applicable * * * to property on which a tax levied by a county pursuant to section 5739.021 or 5741.021 of the Revised Code has been paid or would have been paid had the county in which the original storage, use, or consumption of the property was made in this state levied a tax pursuant to such sections on the property."

R. C. 5741.021 appears, on its face, to provide uniform sales and use taxation at the county level. (Any county which imposes a sales tax on purchases made within the county must also impose a use tax on goods used within that county.) However, R. C. 5741.021 is also imposed "in addition" to the state use tax. Thus it is possible that R. C. 5741.021 discriminates in an "ingenious" rather than a "forthright" manner (*Best & Co., supra*, at page 455), and it is necessary to examine the effect of R C. 5741.021 in relation to R. C. 5741.02 to determine if the county use and sales taxes tax property purchased in and out of state at the same rate.

The effect of the General Assembly's grafting state sales and use tax exceptions onto permissive local sales and use taxes in R. C. 5741.021 and 5739.021 is the following. Individual counties are not required to impose a one-half percent sales and use tax. Therefore, not all property purchased in state is subjected to a one-half percent county sales tax. (Since the sales tax applies only to purchases, this result is the same whether the property is subsequently used in a taxing county or not.) Moreover, since the same exceptions apply to the local use tax as to its state counterpart and the state use tax excepts property purchased in state, the one-half percent county use tax does not apply to property used in a taxing county unless that property was purchased out of state. The ultimate result is that *all* property used in a taxing county and purchased out of state is certain to have state and local use taxes levied on it at a four and one-half percent rate but not all property used in a taxing county and purchased elsewhere in state will be subject to a total four and one-half percent sales tax rate.[5]

---

[5]The following chart also illustrates the effect of the state and county sales and use taxes:

Goods sold out of state
USED IN COUNTY A;
county A levies the
permissive tax

| 4% state use tax |
| ½% county use tax |

4½% total tax

Goods sold out of state
USED IN COUNTY B;
county A (but not county
B) has permissive tax

4% state use tax
0% county use tax

4% total tax

Goods sold in Ohio in
county A
USED IN COUNTY A;
county A levies the
permissive tax

| 4% state sales tax |
| ½% county sales tax |

4½% total tax

Goods sold in Ohio in
county B
USED IN COUNTY A;
county A but not county
B levies the permissive tax

4% state sales tax
0% county use tax
0% county sales tax

4% total tax

Because goods used in taxing counties and puchased in non-taxing Ohio counties are not subject to a four and one-half percent tax even though identically used goods purchased out of state are so taxed, R. C. 5741.021 provides a direct commercial advantage to local purchases which impedes the free flow of trade between the states. *Freeman, supra.* Indeed, R. C. 5741.021 discriminates against out-of-state acquisitions as invidiously as it would if it subjected those purchases to unfavorable tax bases (*Halliburton, supra; Robert Emmet & Son Oil & Supply Co.* v. *Sullivan* [1969], 158 Conn. 234, 259 A. 2d 636; *Matthews* v. *State* [Colo. 1977], 562 P. 2d 415) or if there were no county sales tax at all. (See *Henneford, supra,* and *Gray* v. *Oklahoma Tax Comm.* [Okla. 1963], 379 P. 2d 843.) Finally, the fact that R C. 5741.021 discriminates against interstate commerce only in its practical effect does not bar a finding that it is unconstitutional. *Best & Co, supra.* We, therefore, hold that R. C. 5741.021 is unconstitutional insofar as its application imposes a higher tax rate on property purchased out of state and used in a taxing county than on similarly used property purchased in the state.

Accordingly, the decision of the Board of Tax Appeals affirming the order of the Tax Commissioner is reversed.

*Decision reversed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, P. BROWN, SWEENEY and LOCHER, JJ., concur.