OPINION
Owners of ninety homes in West Enon Estates (hereinafter referred to as "the home owners") appeal from a judgment of the Clark County Probate Court, which affirmed a resolution of the Clark County Board of Commissioners to proceed with construction of a sewer in West Enon Estates.
West Enon Estates is a subdivision in Clark County, Ohio containing two hundred and eight lots with mostly single family homes. All of the homes have septic systems. Some of these on-lot septic systems began to experience failures in the mid-1980s. These failures prompted a survey of the homes in the subdivision in 1988 by the Board of Health of the Clark County Health District ("the Board of Health").[1] Water samples taken from ditches revealed the presence of fecal coliform, and the survey revealed that many of the systems were old. In 1989, the Board of Health passed a resolution declaring West Enon Estates to be a public health hazard. An investigation by the Ohio Environmental Protection Agency revealed that the conditions were "conducive to pervasive health hazards in the future" and that there was limited space for replacement systems and an increasing likelihood of system failures. The Clark County Board of Commissioners ("the Board of Commissioners") then obtained engineering drawings for a sewer project in the subdivision. However, the project was never pursued.
In 1998, the issue of a public health nuisance in West Enon Estates resurfaced. The Board of Health reaffirmed its 1989 declaration that West Enon Estates was a public health hazard on August 17, 1998. The Board of Commissioners directed its Sanitary Engineer, Alice Godsey, to prepare plans and investigate the cost for a sewer system in West Enon Estates. The Board of Commissioners also passed a resolution declaring the necessity of a sewer system for West Enon Estates.
At the behest of the Board of Commissioners, the Board of Health's Environmental Health Director, Freda Fyffe, provided a statement at the May 11, 2001 public hearing regarding the factors demonstrating the need for a sewer system. These factors were that many of the lots in West Enon Estates had insufficient area for an on-lot replacement system, that several systems were in a state of failure, and that the 1989 water samples had shown that fecal coliform was present in the surface water. Alice Godsey also presented the plans for the proposed system. Several residents of the community spoke both for and against the sewer project and had the opportunity to ask questions. On May 15, the Board of Commissioners passed a resolution to proceed with the sewer project in West Enon Estates.
In June 2001, the ditch water in West Enon Estates was tested again. Nine of the sixteen samples taken contained levels of E. Coli high enough to establish a public health nuisance under Ohio Adm. Code 3745-1-04(F).
The home owners appealed the resolution of the Board of Commissioners to the Clark County Probate Court on May 24, 2001. A hearing was held on July 23, 24, and 27, 2001. Several of the home owners testified regarding the functioning of their septic tanks, their opinion on whether there was a health hazard, their opinion on alternative measures, and whether the sewer system would be good for them. The home owners also called the three commissioners to testify. The Board of Commissioners offered testimony from Godsey and Fyffe regarding the proposed plan, the funding, the need for a sewer system, and the possibility of alternatives. James Warner, a resident of West Enon Estates, testified that he had smelled sewage in the past and that he supported the system. Ann Kaup-Fett and Lori Richmond testified regarding the testing of ditch water, which they had conducted.
On August 9, 2001, the probate court issued its decision in favor of the Board of Commissioners, finding that the home owners had failed to prove their case by a preponderance of the evidence. The court concluded that a sewer system was necessary for the public health of the residents of West Enon Estates, that the benefits would exceed the costs, and that the boundaries of the proposed system were appropriate.
The home owners appeal, raising one assignment of error.
 THE COURT'S FINDING THAT "A PUBLIC SEWER SYSTEM, AS REQUESTED, IS NECESSARY FOR THE PUBLIC HEALTH" IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
R.C. 6117.09 states:
 Any owner of property to be assessed or taxed for an improvement under sections 6117.01 to 6117.45 or sections 6103.01 to 6103.30 of the Revised Code, may appeal to the probate court from the action of the board of county commissioners in determining to proceed with the improvement in regard to any of the following matters:
 (A) The necessity of the improvement, including the question whether the cost of the improvement will exceed the benefits resulting therefrom;
(B) Boundaries of the assessment district;
 (C) The tentative apportionment of the assessment.
 In their appeal to the probate court, the home owners did not specify which of the three above matters they were appealing, so the court treated their appeal as an appeal on all three matters. However, in this appeal from the decision of the probate court, the home owners argue only the first matter-"the necessity of the improvement."
Our standard of review in this appeal is as follows:
 Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.
 C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 278, syllabus.
The judgment of the probate court in this case was supported by competent, credible evidence regarding the necessity of the sewer system. The home owners only presented testimony from home owners and from the county commissioners. They did not present any expert testimony on whether there was a health hazard, whether there were viable alternatives to a sewer system, or whether the benefit would exceed the cost. In contrast, the Board of Commissioners presented testimony regarding sewage smells in the area, the presence of E. Coli and fecal coliform in ditch water, and the increasing age of the septic systems in the area. The Board of Commissioners also presented testimony regarding the lack of viable alternatives and the cost of the project. Godsey testified that the amount of grant money available for this type of project was dwindling and that, given the need for a sewer system, it would be less expensive now than in the future. Thus, given our review of the record, the decision of the trial court was not against the manifest weight of the evidence.
The sole assignment of error is overruled.
The judgment of the trial court will be affirmed.
FAIN, J. and GRADY, J., concur.
[1] The Clark County Health District combined with the City of Springfield Health District in 1996, forming the Clark County Combined Health District. We will refer to the Board of Health of either entity as "the Board of Health."