**LONG, Appellant,**

**v.**

**LONG, Appellee.**

[Cite as *Long v. Long,* 162 Ohio App.3d 422, 2005-Ohio-4052.]

Court of Appeals of Ohio,
Third District, Hardin County.

No. 6-04-17.

Decided Aug. 8, 2005.

Gregory A. Grimslid, for appellant.

Janene J. Long, pro se.

ROGERS, Judge.

{¶ 1} Plaintiff-appellant, Joseph E. Long, appeals a judgment of the Hardin County Court of Common Pleas granting a motion for modification and recalculation of child support filed by defendant-appellee, Janene J. Long. On appeal, appellant asserts that the trial court erred in failing to set forth specific findings as to a change in circumstances and that the trial court erred in not allowing him to testify concerning entry-level-wage information for Lima, Ohio. Finding that the trial court failed to prepare or to adopt the mandated child-support worksheet and that the trial court deviated from the child-support worksheet provided by appellee in the record, we reverse the judgment of the trial court.

{¶ 2} In February of 1991, appellant and appellee were divorced, and appellee was named the residential parent of her and appellant's daughter, the sole issue born into the marriage. Additionally, appellant was ordered to pay child support of $325 per month. In September 1997, appellant filed a motion for modification

of parental rights. In October 1997, shared parenting was ordered in a temporary order, and in March 1999, appellant and appellee agreed to shared parenting in a joint order. Additionally, appellant's child-support order was lowered to $155 per month.

{¶ 3} In late 1999, following appellee's report of possible sexual or physical abuse, appellee was granted a temporary order for immediate removal of the child from appellant. In March 2001, appellee was again designated the residential parent, and appellant was ordered to pay child support of $50 per week. In December 2001, appellee filed a motion for modification of child support, citing appellant's change in employment as the change in circumstance. In January 2002, the trial court recalculated child support and ordered appellant to pay $409.13 per month.

{¶ 4} On December 23, 2002, appellee filed another motion for modification of child support, citing appellant's increased wage as sufficient grounds for modification. Appellee also filed an affidavit pursuant to R.C. 3109.27, a personal financial history, a child-support worksheet prepared on January 3, 2002, and, finally, affidavits of income, expenses, and financial disclosures. In May 2003, a hearing was held wherein appellant testified that he was currently working at Honda in East Liberty, Ohio, and that he was currently making $23.75 per hour. Additionally, he stated that he had earned $49,198.07 in 2002 and that he had year-to-date earnings of $29,052.

{¶ 5} Appellee also testified at the hearing. According to appellee, she was a full-time homemaker and did not work outside the home. However, she stated that she did have a high school education and that there was nothing preventing her from working outside the home.

{¶ 6} In October 2004, the trial court granted appellee's motion to modify child support, and appellant was ordered to pay $509.47 per month. There was no child-support worksheet attached to or referred to the trial court's judgment entry. It is from this judgment that appellant appeals, presenting the following assignments of error for our review.

## Assignment of Error No. I

The Trial Court erred as a matter of law in not presenting any findings in its entry to justify its modification of child support.

## Assignment of Error No. II

The Trial Court erred as a matter of law and abused its discretion when it failed to allow the Plaintiff to testify as to the prevailing entry level wage for Lima, Allen County area.

*Assignment of Error No. I*

{¶ 7} In the first assignment of error, appellant asserts that the trial court erred in failing to make specific findings that there was a change of circumstance that would allow for a modification of child support.

{¶ 8} It is well established that a trial court's decision regarding child-support obligations falls within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion. *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. Furthermore, when applying the abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301.

{¶ 9} While child-support determinations are generally governed by an abuse-of-discretion standard, the Ohio Supreme Court has held that the child-support guidelines mandate the following:

(1) A child support computation worksheet must actually be completed and made a part of the trial court's record.

(2) This requirement is mandatory and must be literally and technically followed.

(3) Any court-ordered deviation must be supported by findings of fact and must be journalized.

*DePalmo v. DePalmo* (1997), 78 Ohio St.3d 535, 538, 679 N.E.2d 266, citing *Marker v. Grimm* (1992), 65 Ohio St.3d 139, 601 N.E.2d 496, paragraphs one through three of the syllabus.[1]

{¶ 10} Pursuant to R.C. Chapter 3119 and *Marker*, a trial court must actually complete a child-support worksheet and make that completed worksheet a part of the record when it is making a child-support determination. *Marker*, 65 Ohio St.3d. at 142, 601 N.E.2d 496. This requirement is mandatory and must be followed literally and technically in all material respects. Id. The trial court is to follow this requirement in order to ensure that its order is subject to meaningful appellate review. Id. The failure to do so constitutes an abuse of discretion. *Rock v. Cabral* (1993), 67 Ohio St.3d 108, 616 N.E.2d 218, paragraph one of syllabus.

---

1. In *Marker*, the Supreme Court was interpreting R.C. 3113.215. R.C. 3113.215 has been repealed and replaced by R.C. 3119.02, which includes language identical to the former statute concerning the responsibility of the court to calculate the amount of child support in accordance with the child-support schedule and applicable worksheet. 2000 Am.Sub.S.B. No. 180.

██  {¶ 11} The trial court's failure to complete its own worksheet is not erroneous so long as the court clearly adopts one of the parties' worksheets. *Anderson v. Anderson,* 147 Ohio App.3d 513, 2002-Ohio-1156, 771 N.E.2d 303, at ¶ 85–86. However, the adopted worksheet must be a fully completed worksheet containing all of the information that the trial court relied upon as mandated by statute. Id. It is reversible error for a trial court to include only a partial or incomplete worksheet in the record or to fail to clearly adopt a worksheet. *M.A.H. v. S.F.,* 8th Dist.No. 81544, 2003-Ohio-4049, 2003 WL 21757500, at ¶ 25–26; *Brown v. Brown* (Apr. 4, 2001), 9th Dist.No. 20177, 2001 WL 324391; *McCoy v. McCoy* (1995), 105 Ohio App.3d 651, 655, 664 N.E.2d 1012.

{¶ 12} Here, the trial court did not complete its own worksheet in determining whether to grant appellee's motion to modify child support. Appellee filed a completed worksheet with her motion to modify child support; however, the trial court failed to adopt, refer to, or attach to its entry that completed worksheet. Thus, we find that the trial court's failure to either complete a worksheet or to clearly adopt or attach the filed worksheet is error.

██  {¶ 13} Additionally, even if we were to accept the worksheet filed by appellee as sufficient, the amount of child support awarded by the trial court in its judgment entry deviates from the amount of support on the completed worksheet. As noted above, the Supreme Court in *Marker* also held, "Any court-ordered deviation from the applicable worksheet and the basic child support schedule must be entered by the court in its journal and must include findings of fact to support such determination." *Marker,* 65 Ohio St.3d 139 at paragraph three of the syllabus. Additionally, R.C. 3119.03 creates a rebuttable presumption that the amount calculated by the basic child-support schedule and applicable worksheet is the correct amount of child support due. Here, the trial court not only erred in failing to complete or clearly adopt the worksheet, but it also deviated from the amount of support on the worksheet in the record without making any findings of fact to establish its reasons for deviation. Based upon the record before us, we are unable to determine how the trial court arrived at the amount of support ordered. Accordingly, we find appellant's first assignment of error to be well taken.

### Assignment of Error No. II

██  {¶ 14} In the second assignment of error, appellant contends that the trial court erred in not allowing him to testify as to the prevailing entry-level wage for the Lima/Allen County area.

{¶ 15} Pursuant to R.C. 3119.01, a trial court must consider potential income when calculating the amount of a child-support obligation for a parent who is voluntarily unemployed or underemployed. R.C. 3119.01(C) provides:

(11) 'Potential income' means * * * the following for a parent who the court * * * determines is voluntarily unemployed or voluntarily underemployed:

(a) Imputed income that the court * * * determines the parent would have earned if fully employed as determined from the following criteria:

* * *

(iv) *The availability of employment in the geographic area in which the parent resides.*

(Emphasis added.)

{¶ 16} Pursuant to R.C. 3119.01, the trial court is required to consider appellee's potential income, which includes the job opportunities and salary levels in her community. *Tonti v. Tonti,* 10th Dist. Nos. 03AP–494, 03AP–728, 2004-Ohio-2529, 2004 WL 1109840, at ¶ 38. However, while the trial court is required to consider appellee's potential income, what evidence the trial court considers in making a potential-income determination is within its discretion.

{¶ 17} Appellant argues that the trial court erred in disregarding his own testimony regarding the prevailing entry-level wage in the Lima/Allen County area. It is well established that a witness's testimony may properly be excluded by the trial court when the proponent fails to establish a proper foundation indicating that the witness is qualified to testify on the subject prior to offering such testimony. See *State v. Johnson* (1950), 57 Ohio Law Abs. 524, 94 N.E.2d 791. Upon review of the record, we cannot find that the trial court erred in disregarding appellant's testimony, because appellant failed to provide any foundation as to why he was qualified to testify to the prevailing entry-level wage for the Lima/Allen County area. Accordingly, appellant's second assignment of error is without merit.

{¶ 18} While we cannot say that the trial court erred in sustaining appellee's objection to appellant's testimony as to the prevailing wages in the Lima/Allen County area, we note that on remand the trial court must consider appellee's potential income. However, in considering such evidence, the trial court is not required to consider testimony as to prevailing entry-level wages that is not based upon a proper foundation.

{¶ 19} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

BRYANT and SHAW, JJ., concur.