JOURNAL ENTRY and OPINION
{¶ 1} Mariann Rausch (appellant) appeals various domestic relations court rulings in this ongoing child custody, child support and spousal support case. After reviewing the facts of the case and pertinent law, we affirm in part, reverse in part and remand.
 I. {¶ 2} Appellant and Robert Rausch (appellee) were divorced on December 30, 1999 and were awarded shared parenting of their minor child, C.R., with appellant as the residential parent and appellee paying child support. Appellee was also ordered to pay appellant spousal support through June 2002, conditioned upon appellant not remarrying or cohabitating.
 {¶ 3} In December 2001, appellant renewed her driver's license and registered her car using her fiancé's address. On May 17, 2002, appellant moved her belongings into her fiancé's home and, on May 24, 2002, the two married. At this time, appellant filed a notice of her intent to relocate C.R., as required per the divorce agreement.
 {¶ 4} However, prior to this, specifically on April 26, 2002, appellee filed a temporary restraining order (TRO) seeking to prohibit appellant from relocating C.R., a motion to modify parental rights, and a motion for attorney fees. On April 29, 2002, appellee filed a motion to terminate spousal support.
 {¶ 5} On October 27, 2004, after hearing from C.R.'s guardian ad litem (GAL) and a representative of the court's family reconciliation program (FRP), the court designated appellee the residential parent and legal custodian of C.R., based on the court's finding that appellant "did not protect and supervise the parties' minor child properly." The court also terminated appellee's obligation to pay spousal support to appellant, effective January 1, 2002, and ordered appellant to pay child support to appellee. Appellant filed three appeals, and after dismissing one as untimely and consolidating the other two, we are presented with nine assignments of error for our review.
 II. {¶ 6} In her first assignment of error, appellant argues that "the trial court erred in determining appellant violated temporary restraining orders and erred in permitting said violation to impact the trial court's perception of appellant's credibility."
 {¶ 7} The standard of review regarding violations of TROs is abuse of discretion. See, Swartz v. Swartz, Fairfield App. No. 02CA31, 2003-Ohio-1755. Furthermore, "[t]he credibility of witnesses is primarily a matter for the trier of fact. A judge's decision, based on competent credible evidence, will not be disturbed on appeal." Burkes v. Burkes (Mar. 23, 2000), Cuyahoga App. No. 75518 (citing State v. DeHass (1967),10 Ohio St.2d 230; C.E. Morris Co. v. Fowley Construction Co. (1978),54 Ohio St.2d 278).
 {¶ 8} In the instant case, on May 13, 2002, June 11, 2002 and September 5, 2002, the court issued TROs prohibiting appellant from relocating C.R. outside of Cuyahoga County and from enrolling C.R. in another school district. The evidence shows that appellant violated the TROs in the spring of 2002, by moving C.R. to Lorain County and enrolling the child in the Avon School District. The court's October 27, 2004 decision awarding custody of C.R. to appellee addresses the TRO violations as follows:
"The court finds, despite the issuance of three (3) temporary restraining orders prohibiting the plaintiff from relocating, the plaintiff relocated outside of Cuyahoga County, into Lorain County; and subsequently enrolled the parties' minor child into the Avon School District. Plaintiff is hereby not found in contempt for her violations of the temporary restraining orders as the matter is moot, however, her actions have clearly impacted the court's perception of her credibility."
 {¶ 9} Appellant does not deny that she violated the TROs. Furthermore, appellant points to nothing in the record supporting her argument that the court abused its discretion regarding the TROs or their use as a credibility factor. Accordingly, we find the court did not err, and appellant's first assignment of error is overruled.
 III. {¶ 10} Appellant's second, seventh and eighth assignments of error are interrelated and will be addressed together. They read as follows: "The trial court erred in concluding that appellant did not protect and supervise the minor child; the trial court erred in terminating the shared parenting plan and designating appellee residential parent and legal custodian of the minor child; and the trial court erred in denying appellant's motion for findings of fact and conclusions of law."
 {¶ 11} Specifically, appellant argues that a May 16, 2003 incident regarding C.R. and another child from the neighborhood did not amount to her failing to protect and supervise C.R. According to the record, during the time that C.R. was in appellant's custody, appellant found C.R. and a neighbor child playing with their pants down. C.R. stated to appellant that they "kissed each other's butts." Additionally, there is conflicting evidence in the record about whether this incident was the only one involving potential sexual contact with other children. Nonetheless, appellant did not mention any incidents to appellee, who only found out when, some months later, C.R. told him about being uncomfortable playing with the neighbor child.
 {¶ 12} Subsequent to finding out about the incident, appellee filed a motion to modify parental rights and responsibilities, pursuant to R.C. 3109.04. A court may grant a modification of parental rights if 1) there was a change in circumstances since the parties filed the shared parenting plan with the court; 2) a modification was deemed to be in the best interests of the parties' children; and 3) the harm likely to be caused by a change of environment was outweighed by the advantages of the change to the children. See, In re J.C., Cuyahoga App. No. 87028, 2006-Ohio-2893.
 {¶ 13} In the instant case, the court found that appellant's not properly protecting or supervising C.R. constituted a change of circumstances. Additionally, the court found that it was in the best interest of C.R. to change custody from appellant to appellee, based on recommendations from the GAL and the FRP.
 {¶ 14} Subsequently, appellant filed a request for findings of fact and conclusions of law regarding the court's October 27, 2004 journal entry granting appellee custody of C.R. The court denied this request because the said journal entry contained findings and conclusions sufficient enough for an appellate court to review the record and determine the basis and validity of the trial court's judgment. See, Civ.R. 52; Valentine v. Valentine,
Butler App. No. 01-024, 2005-Ohio-2366.
 {¶ 15} On appeal, appellant argues that the following evidence weighs against a finding that she failed to protect and supervise her child: she called the neighbor child's grandmother regarding the incident; the grandmother thought it was nothing more than childhood curiosity; C.R. does not play alone with the neighbor child anymore; C.R. did not behave differently after the incident; she did not think any counseling or discussion with appellee about the incident was warranted; and she sought the advice of her pastor and friends to reach the conclusion that the incident was harmless.
 {¶ 16} Appellee, on the other hand, argues that the court's finding that appellant failed to protect and supervise C.R. is supported by competent evidence in the record. Specifically, appellee points to the testimony of the GAL and the FRP, both of whom stated that what concerned them was that appellant kept information from appellee, apparently because she feared appellee's reaction toward her. Both witnesses concluded that appellant was acting in her own best interest, rather than in C.R.'s best interest. Additionally, they testified that appellant was missing signals that C.R. may be involved in inappropriate play and that appellee's home would be a more stable and protective environment for C.R.
 {¶ 17} Given this evidence, we cannot say that the court erred in finding that appellant did not protect and supervise the minor child properly, thus leading to a modification of the shared parenting plan. Appellant's second assignment of error is without merit.
 IV. {¶ 18} In her third assignment of error, appellant argues that "the trial court erred in terminating spousal support as of January 1, 2002, in the absence of any evidence of cohabitation."
 {¶ 19} R.C. 3105.18 governs a trial court's authority to modify spousal support, and it states that a modification may not be made "unless the court determines that the circumstances of either party have changed and unless * * * the decree or separation agreement * * * contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support." We review decisions regarding spousal support for an abuse of discretion. Pauly v. Pauly (1997),80 Ohio St.3d 386.
 {¶ 20} In the instant case, pursuant to the parties' divorce decree, appellee was to pay appellant $1,224 per month for 30 consecutive months starting December 1999. This spousal support order was subject to appellant's remarriage or cohabitation. On April 29, 2002, appellee filed a motion to terminate spousal support, claiming that appellant began cohabitating with her fiancé in December 2001, approximately six months before the support was to end. The court granted this motion.
 {¶ 21} Appellant claims that "the record is void of any evidence, whatsoever, establishing appellant's cohabitation as of December, 2001, as determined by the court." However, in the next sentence of appellant's brief, she admits that in December 2001 she renewed her driver's license and registered her car using her fiancé's address in Avon. Additionally, as stated before, appellant enrolled C.R. in the Avon School District. The weight of the evidence aside, these acts certainly constitute some
evidence of cohabitation, rendering appellant's statement "any evidence, whatsoever," inconsistent with the record.
 {¶ 22} In any event, appellant argues that she did not begin cohabitating until just before her May 24, 2002 wedding. Given the conflicting testimony at trial, the court's decision rests on the credibility of the witnesses. Appellee argues that appellant's inconsistent testimony, coupled with her decision to assert her Fifth Amendment right not to testify, allows the court to draw an inference against her credibility. See, Baxter v.Palmigiano (1976), 425 U.S. 308.
 {¶ 23} Appellant fails to show how the court abused its discretion in believing appellee's evidence weighing in favor of cohabitation. Appellant's third assignment of error is overruled.
 V. {¶ 24} In her fourth assignment of error, appellant argues that "the trial court erred in the determination of appellant's annual income used in the calculation of the child support guidelines worksheet and in failing to make a deviation due to additional household income of appellee." Specifically, appellant argues that the court incorrectly listed appellant's annual income at $20,000 in the child support guidelines worksheet.
 {¶ 25} Pursuant to R.C. 3119.01, when computing child support orders, the court must complete a worksheet, taking into consideration guidelines or factors designed to help determine each parent's income. R.C. 3119.01(C)(5)(b) states that total income for "a parent who is unemployed or underemployed, [is] the sum of the gross income of the parent and any potential income of the parent." Subsection (11)(a) lists various criteria that may be used to impute potential income to a parent who is underemployed, including prior employment experience, education, availability of jobs in the area, and prevailing salary or wage levels, etc. However, Ohio courts have held that "while the trial court is required to consider appellee's potential income, what evidence the trial court considers in making a potential income determination is within its discretion." Long v. Long,162 Ohio App.3d 422, 428, 2005-Ohio-4052.
 {¶ 26} In the instant case, the court imputed appellant's income to $20,000 per year, based upon her education and work history. The record reflects that at the time of judgment, appellant cleaned houses, earning between $350 and $500 per month. However, appellant has an associate's degree as a physical therapy assistant. There is no evidence that the court abused its discretion in listing appellant's income, for purposes of child support, as $20,000.
 {¶ 27} Appellant incorrectly argues that failure to consider all of the statutory factors constitutes an abuse of discretion, citing to repealed R.C. 3113.215(A)(5)(a) and Badovick v.Badovick (1998), 128 Ohio App.3d 18. Because this is no longer good law, we are not bound by it, and appellant's fourth assignment of error is overruled.
 VI. {¶ 28} In her fifth assignment of error, appellant argues that "the trial court erred in failing to find there was an arrearage in child support and spousal support." Appellant bases this argument on our sustaining her third assignment of error. However, because we overruled her third assignment of error as having no merit, this argument is moot.
 VII. {¶ 29} In her sixth assignment of error, appellant argues that "the trial court erred in not awarding attorney fees to appellant and in not waiving the bond for the guardian ad litem."
 {¶ 30} We review a trial court's decision regarding attorney fees for an abuse of discretion. See, Packard v. Mayer-Packard,
Cuyahoga App. No. 85189, 2005-Ohio-4392. R.C. 3105.18(H), which has been repealed, governed attorney fees in domestic relations cases at the time of this filing, and it stated that for a court to award attorney fees, it must determine that a party "will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees." In the instant case, the court ordered each party to pay their respective attorney fees. Once again, appellant presents no evidence, nor does she even argue, that her rights would be affected if appellee did not pay her attorney fees. However, she does argue that she was unable to pay her attorney. We do not agree. The court found that she was underemployed in determining her child support obligation, and we can assume that this finding factored in to its decision to have each party pay their respective fees. In addition, the record shows that appellant did pay her attorney fees in their entirety, up to the point of this appeal. Because there is nothing in the record supporting appellant's contention that the court erred in denying her motion for attorney fees, we overrule her sixth assignment of error.
 VII. {¶ 31} In her ninth and final assignment of error, appellant argues that "the trial court erred in granting judgment for guardian ad litem fees." Specifically, appellant argues that the continuing jurisdiction of the court was not invoked and the court failed to hold a mandatory hearing before ruling on the GAL fees.
 {¶ 32} Civ.R. 75(B)(2) affords the court broad discretion to tax as costs GAL fees. "In evaluating an order for compensation to a guardian ad litem, a reviewing court shall consider whether the trial court abused its discretion." Davis v. Davis (1988),55 Ohio App.3d 196, 200. However, to invoke the continuing jurisdiction of the court, all motions "shall be served in the manner provided for the service of process under Civ.R. 4 to 4.6."
 {¶ 33} In the instant case, appellant claims that she was not served with the GAL's motion for fees. Without reaching the merits of this argument, we note that appellant did not raise this issue at the trial court level. "This court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at the time when such error could have been avoided or corrected by the trial court." City of Lyndhurst v.McGinness (2000), 138 Ohio App.3d 617, 619 (citing State v.Williams (1977), 51 Ohio St.2d 112). The GAL filed a motion for fees on November 15, 2004; according to this motion, a service copy was sent to both parties and both attorneys. It was not until ten months later, on September 14, 2005, that the court granted the GAL's motion, entering a $2,775 judgment against appellant and appellee jointly and severally. A careful review of the record shows that appellant did not raise the issue of failure of service at any time in the trial court. Accordingly, we need not consider this argument for the first time on appeal.
 {¶ 34} Pursuant to Loc.R. 35(E) of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division, "[u]pon motion for guardian ad litem fees, the court shall conduct a hearing to determine if the fee sought by the guardian ad litem is reasonable and necessary and to determine the amount each party shall contribute toward the fee."
 {¶ 35} In the instant case, the court did not hold a hearing on the GAL fees. Appellee argues that the hearing was not scheduled because appellant filed three separate appeals at various times and the matter became quite confusing. Appellee further argues that despite failing to hold a hearing, the court's decision regarding the GAL was appropriate. Inasmuch as this may be true, the court erred when it failed to hold a mandatory hearing. See, Rendina v. Rendina (Feb. 28, 1992), Lake App. No. 91-L-019 (holding that "the trial court has an obligation to provide an opportunity for parties to be heard on motions pending before the court, including motions and objections relating to the payment of fees or taxing said fees as costs"); compare, In re Marquez (Nov. 22, 1996), Geauga App. No. 96-G-1976 (holding that "there should always be an ability to question whether or not the time spent was necessary and reasonable" in relation to GAL fees in a juvenile matter).
 {¶ 36} Accordingly, appellant's ninth assignment of error is sustained, and this case is remanded to the domestic relations court for the limited purpose of holding a hearing on the GAL's motion for fees.
Judgment affirmed in part, reversed in part, and remanded.
This cause is affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant and appellee share the costs of this proceeding.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Sweeney, J., Concur.