[Cite as *O'Connor v. O'Connor*, 184 Ohio App.3d 538, 2009-Ohio-5436.]

**IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
PUTNAM COUNTY**

O'CONNOR,
n.k.a. RACHESKY,

     APPELLEE,                                                       CASE NO.  12-09-04

     v.

O'CONNOR,                                                                  **O P I N I O N**

     APPELLANT.

**Appeal from Putnam County Common Pleas Court
Domestic Relations Division
Trial Court No. 94-DVA-211**

**Judgment Reversed and Cause Remanded**

**Date of Decision:    October 13, 2009**

**APPEARANCES:**

     **Michael A. Borer,** for appellee.

     **Garth W. Brown,** for appellant.

SHAW, Judge.

{¶1} Defendant-appellant Michael Ryan O'Connor appeals from the May 12, 2009 judgment entry of the Court of Common Pleas of Putnam County, Ohio, modifying a previous child-support order. Michael alleges that the court erred in calculating the revised child-support order because it did not impute the income that plaintiff-appellee, Denise K. O'Connor, n.k.a. Rachesky, earned prior to leaving her job in November 2008.

{¶2} Michael and Denise had their first child, Chelsea, born February 23, 1992. The couple subsequently married on April 4, 1992. Their second child, Michael, was born January 12, 1994. On August 29, 1994, Denise filed a complaint for divorce. The court granted the divorce on December 16, 1994, and ordered Michael to pay $476.67 a month for child support and to provide health insurance for their two children.

{¶3} The amount for child support remained the same until January 8, 2009, when the Putnam County Child Support Enforcement Agency ("CSEA") recommended the amount be increased.[1] On the child-support worksheet, CSEA assigned Denise an income of $14,248 based on annual earnings at minimum wage. The recommendation did not provide the reasons for assigning Denise this income amount. Indeed, the recommendation provided little information about the

---

[1] The record does not contain any filings between the resolution of the matters involved with the divorce in October 1996 and the notice of CSEA review completed in January 2009.

circumstances and facts warranting the increase and the method for calculating the revised support. Nevertheless, CSEA proposed that the current support order should be increased to $758.68 per month when health insurance is being provided by Michael or $782.50 per month plus an additional $139.17 per month for cash medical support when insurance is not being provided. CSEA submitted these recommendations to the Putnam County Court of Common Pleas for review to determine whether the proposed revisions for support were appropriate.

{¶4} On May 12, 2009, the court conducted a hearing to review the revised child-support order. Present in court were the director and the attorney for the CSEA, Denise, who was not represented by legal counsel, and Michael's attorney. The only evidence offered at the hearing was Denise's testimony. While on the stand, Denise stated that prior to leaving her job in November 2008, she worked at Procter and Gamble for 11½ years. She provided earnings statements for 4 of those 11 years that stated that Denise earned an annual salary of approximately $50,000. She did not provide any financial information about her income for the other 7½ years of employment. In addition, Denise also testified to the personal reasons leading to her decision to voluntarily leave her job.

{¶5} Based on Denise's testimony, the trial court summarily adopted CSEA's recommendations finding its proposals to be "appropriate" and

"reasonable under the circumstances" and thereby ordered Michael to begin paying the revised amount of child support.

{¶6} Michael now appeals, asserting one assignment of error.

### ASSIGNMENT OF ERROR

The trial court abused its discretion by not imputing the appellee's previous income when calculating child support since the appellee voluntarily left her job in November of 2008.

{¶7} In his sole assignment of error, Michael alleges that the trial court erred in adopting CSEA's recommendation because it imputed Denise's annual income at the minimum-wage level instead of imputing income based on the actual salary she earned from her previous employment. Specifically, Michael alleges that the trial court provided no explanation for a decision that ignored the evidence of actual income and instead imputed a minimum-wage income, which is supported by nothing in the record.

{¶8} An appellate court reviews the trial court's determination of the amount of income to be imputed in a child-support order under an abuse-of-discretion standard. *Rock v. Cabral* (1993), 67 Ohio St.3d 108, 616 N.E.2d 218, syllabus. An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶9}   The calculation of child support is governed by R.C. Chapter 3119. Pursuant to R.C. 3119.02, a court or child-support-enforcement agency must calculate the amount of a child-support obligation according to the schedules and worksheets provided in R.C. 3119.02 to 3119.24.  The applicable worksheet for this case is found in R.C. 3119.022 entitled "Child Support Computation Worksheet for Sole Residential Parent or Shared Parenting Order" because Denise is the sole residential custodian of the parties' children.

{¶10} In the instant case, CSEA completed and calculated the appropriate worksheet.  The first section of the worksheet requires information regarding the income of both parents.  This section directs the agency to assess the "[a]nnual income from employment or, when determined appropriate by the court or agency, average annual gross income from employment over a reasonable period of years." R.C. 3119.022.  Since Michael is employed, CSEA entered his gross annual income, a figure that the parties agree is accurate.  However, CSEA merely entered $14,248 as Denise's income, a figure that is the subject of this appeal. Upon completing the remainder of the worksheet, CSEA attached it to a notice to the trial court of CSEA's review.  Neither the worksheet nor CSEA's notice of review provided any further information to indicate how or why CSEA arrived at this amount for Denise's income.

{¶11} At the subsequent court hearing on May 12, 2009, regarding the CSEA order, Michael objected to the amount of $14,248 assigned as Denise's imputed income, when the only evidence in the case reflected a three-year income for Denise of over $50,000. Although not explicitly stated, we can glean from the record that CSEA and the trial court determined Denise to be voluntarily unemployed. This is significant because before a trial court may impute income to a parent, it must first determine that the parent is voluntarily unemployed or underemployed. *Moore v. Moore* (2008), 175 Ohio App.3d 1, 884 N.E.2d 1113, ¶ 63, citing *Rock v. Cabral* (1993), 67 Ohio St.3d 108, 616 N.E.2d 218, syllabus. While the trial court does not specifically address this finding in its judgment entry, it can be inferred from Denise's testimony that both the trial court and CSEA found Denise voluntarily unemployed.

{¶12} Denise testified that she voluntarily left her job in November 2008, citing several personal reasons. One of the reasons given for her departure was recent surgery performed on her knees to correct a previous injury. Although Denise claimed that her occupation aggravated this injury because she had to remain standing during her 12½ hour shift, the doctor who performed the surgery permitted her to return to her job after the operation.[2] Denise testified that her

---

[2] At the hearing, Denise also stated that her job interfered with the care of her youngest son, from her second marriage, who required extra attention because he suffered from multiple severe allergies. According to Denise, this was a major reason for her leaving her job, in addition to the nature of the occupation aggravating her knee injury.

doctor ordered her not to work for only a short period after her surgery to allow for recovery. Additionally, when questioned whether her employer asked her to leave, Denise responded "absolutely not." Based on this testimony, it is apparent that the trial court and CSEA found Denise voluntarily unemployed.

{¶13} Upon making this determination, CSEA and the trial court were required to impute Denise's potential income on the child-support-order worksheet in compliance with R.C. 3119.01(C)(11)(a), which states:

> "Potential income" means * * * the following for a parent who the court pursuant to a court order, or a child support enforcement agency pursuant to an administrative child support order, determines is voluntarily unemployed or voluntarily underemployed:
>
> (a)   Imputed income that the court or agency determines the parent would have earned if fully employed as determined from the following criteria:
>
> (i)   The parent's prior employment experience;
>
> (ii)   The parent's education;
>
> (iii)  The parent's physical and mental abilities, if any;
>
> (iv)  The availability of employment in the geographic area in which the parent resides;
>
> (v)   The prevailing wage and salary levels in the geographic area in which the parent resides;
>
> (vi)  The parent's special skills and training;
>
> (vii) Whether there is evidence that the parent has the ability to earn the imputed income;

(viii)   The age and special needs of the child for whom child support is being calculated under this section;

(ix)   The parent's increased earning capacity because of experience;

(x)   Any other relevant factor.

**{¶14}** Denise's imputed income of $14,248 was apparently based on annual earnings at minimum wage.  At the hearing, Denise questioned why minimum-wage income was imputed to her, since she was unemployed.  In response, the court explained to her that the reason this amount was imputed was because she had previously been employed and despite being unemployed, was still able to work.  However, prior to this cursory explanation, Denise offered only limited evidence of her prior employment income.  She testified that before leaving her job with Procter and Gamble in November 2008, she had been employed there for 11½ years.  However, she presented specific evidence of her annual income earned only during 2005, 2006, 2007, and 2008.

**{¶15}** During these years, Denise worked as a technician.  In this capacity, she operated and maintained heavy machinery used to dispense and bottle liquid laundry detergent.  She testified that her annual salary was "plus or minus $50,000 a year," depending on the amount of mandatory overtime she accrued.  Thus, according to her testimony, she earned $54,475 in 2005; $5,000 in 2006; $50,312 in 2007, and she estimated that she earned the same amount in 2008 as she had in 2007.

{¶16} Denise further explained the discrepancy in her 2006 income. During that year she gave birth to her youngest child, whom she conceived with her current husband, Alan Wayne Rachesky. Denise's employer granted an unpaid leave of absence to employees who decided to stay home with their newborns until they reached one year old. Thus, she only earned a minimal amount for the limited time she worked in 2006. However, upon her return, Denise continued to make her previous salary of approximately $50,000 a year. Moreover, she testified that had she continued to be employed as a technician her salary would have remained the same.

{¶17} Previously, this court has stated that the trial court (and CSEA) are required to consider the statutory factors mentioned above when imputing income under R.C. 3119.01. *Long v. Long,* 162 Ohio App.3d 422, 2005-Ohio-4052, 833 N.E.2d 809, ¶ 15-16. The purpose for using these factors is to closely approximate a parent's potential earning capacity when the parent is voluntarily unemployed.

{¶18} Denise's testimony demonstrates ample evidence of her prior employment experience, one of the statutory factors. However, the only evidence we have of her prior employment income is her position as a line technician earning around $50,000 annually for the three years discussed previously. In addition, her testimony also revealed evidence that she has the present ability to

earn *more* than the imputed income of minimum wage, another statutory consideration.

{¶19} In sum, there is no other evidence in the record as to her earning levels during the remaining 7½ years of employment. As a result, the only evidence offered at the hearing supported imputing to Denise an income at or around the level of her earnings of $50,000 per year prior to leaving her job in November 2008. Moreover, on this evidence, there is nothing in the record to indicate why CSEA and the trial court found it appropriate to impute Denise's annual earnings at $14,248 in light of the factors expressly provided in R.C. 3119.01.

{¶20} In the absence of any explanation in the record for imputing Denise's income at the minimum-wage level of $14,248 rather than imputing her income consistently with the statutory factors listed in R.C. 3119.01—and consistently with the only evidence in the record showing an income of over $50,000—we have no choice but to find the trial court's approval of CSEA's order imputing an income of $14,248 to Denise to be an abuse of discretion.

{¶21} For all these reasons, the assignment of error is sustained. Accordingly, the decision of the Putnam County Court of Common Pleas is reversed and this cause is remanded for further consideration consistent with this opinion.

Case No. 12-09-04

Judgment reversed<br>and cause remanded.

PRESTON, P.J., and WILLAMOWSKI, J., concur.