[Cite as *Rundo v. Rundo*, 2013-Ohio-4305.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| ELIZABETH RUNDO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-G-3134** |
| THOMAS RUNDO, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 06DC000994.

Judgment: Affirmed.

*Elizabeth Rundo*, pro se, 4230 South East 20th Place, Unit 101, Cape Coral, FL 33904 (Plaintiff-Appellee).

*Paul J. Mooney*, Law Office of Paul J. Mooney, 3401 Enterprise Parkway, Suite 340, Beachwood, OH 44122 (For Defendant-Appellant).


TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Thomas Rundo, appeals the judgment of the Geauga County Court of Common Pleas increasing appellant's monthly child support obligation. For the following reasons, we affirm.

{¶2} Appellant and appellee, Elizabeth Rundo, divorced in May 2007. Together they have three minor children. In November 2008, the parties entered into an Agreed Entry that resolved, inter alia, daycare expenses. The entry stated:

> [D]efendant Thomas Rundo shall pay the amount based on the percentage from the child support worksheet (currently 74%) of daycare expenses as incurred by plaintiff for her employment and/or work related purposes up to the current maximum amount of $7,400 annually (based on a $10,000 annual daycare expense and the current percentage.)
>
> [D]efendant Thomas Rundo shall be billed only for his percentage amount owed from the daycare facility and shall receive from the daycare facility a statement or invoice. If the defendant is not satisfied that the daycare is work related, he reserves his right to file the appropriate motion with the Court.

{¶3} Appellant was ordered to pay $1,567.03 when private medical insurance was available and cash medical support of $188 per month. Because of the parties' agreement, daycare expenses were not taken into account when calculating appellant's child support obligation.

{¶4} Appellee and the parties' three children moved to Florida in February 2009. The matter came before the Geauga County Child Support Enforcement Agency ("CSEA") for review of the child support calculation. As a result, appellant's child support was increased to the sum of $2,117.73 when private medical insurance was available and cash medical support of $187.58. CSEA awarded an adjustment to appellee for her childcare expenses for the parties' three minor children of $6,486 based upon correspondence and documentation submitted to CSEA by appellee.

{¶5} Appellant challenged this award, indicating it was inconsistent with the agreed entry of November 2008. The matter came for Administrative Hearing on May 30, 2012, upon the request of appellant. After the hearing, the hearing officer recommended that appellant's child support obligation, when private medical insurance is being provided, shall increase from $522.51 per child per month to $705.91 per

2

month for each of the parties' three children.  The hearing officer also found that it was reasonable for CSEA to include appellee's daycare costs.

**{¶6}** Appellant timely filed objections to the administrative findings and recommendations.  The magistrate conducted a hearing on September 14, 2012. Appellant was represented by counsel, and appellee appeared pro se.

**{¶7}** At the hearing, the parties testified regarding the arrangement for daycare expenses.  It is apparent from the record that the parties disagreed as to the essential terms of the agreement.  As found by the magistrate, there is no evidence that appellant has ever paid any share of daycare expenses, at least since appellee moved to Florida. Appellant testified that he had not received any statement for any daycare facilities since the agreed judgment of November 2008, except a letter in October 2011. Conversely, appellee stated that her former attorney had sent a letter to appellant regarding reimbursement of daycare expenses; this letter, dated April 16, 2009, was admitted into evidence.  The letter dated October 2011 was also admitted into evidence. To this letter, appellee attached documentation, to wit: a receipt from YMCA of $396 for the children to be in a daycare during the 2011 Christmas recess; a receipt for $57.75 for a period in March 2012; and a receipt for $453.75 in April 2012.

**{¶8}** The October 2011 letter and supporting documentation stated that appellee incurred $544.60 of daycare expenses for the children and requested appellant's portion of the payment.  Consequently, appellant wrote appellee the following letter:

> I am requesting that you provide documentation from your employer that shows you worked while the children were in daycare at PVPV/Rawlings Elementary School Extended Day Program for the month of October 2011.  The documentation can be in a form of

3

employee paystubs, employee timesheet, etc from the employer. The employer's name along with the dates and time of work need to be clearly marked.

{¶9} Appellee did not respond, and appellant did not pay anything toward the daycare costs. Appellant testified that appellee did not follow the procedure in the agreed judgment entry, i.e., that appellant is to be billed directly from the facility. Appellee, however, maintained that the daycare facilities will not directly bill another party, but require payment in full for daycare services. Consequently, appellee must seek reimbursement from appellant for his share of the daycare expenses. Appellant testified he required documentation that it was "actual" daycare "that is needed versus having Ms. Rundo having a break or to the mall or to the beach or anything like that."

{¶10} In interpreting the November 2008 agreement, the magistrate stated:

> [T]he November 2008 agreed judgment is not ambiguous as to the issue of how Defendant must pay his share of Plaintiff's daycare expenses. It does not say that Defendant can withhold payment of his share of Plaintiff's child care expenses until she has proved those expenses are work-related. To the contrary, the plain language puts on him the burden of moving the Court for relief if he believes she is asking him to pay expenses that are not work-related. Defendant's interpretation of the order is incorrect. In addition, the parties struck out the provisions in the original draft version of the November 2008 order that would have required Plaintiff to provide him 'supporting documentation' verifying that her daycare expense is in fact work-related, and replaced it with the actual language in the order. By implication, therefore, he must pay his share of the expenses first, and pursue his remedies later if he chooses.
>
> The [CSEA] appropriately recommended that Defendant should pay his share of Plaintiff's work-related daycare costs as part of his monthly child support payment, rather than directly to the providers, as the parties had agreed in November 2008. The order for direct payment of child care expenses is a term of the Court's child support order, a method of carrying into effect a support obligation the law imposes and that the parties recognized. Like any other term or element of child support it is subject to further order of the

4

Court. The evidence now before the Court shows that direct payment of Plaintiff's daycare expenses results in nothing being paid, because Defendant interprets the order as requiring Plaintiff to prove she is actually working at the times the children are in day[care] as a precondition to his having to pay her anything. The provision for direct payment is, in any event, a deviation or departure from the method the law favors, payment of those expenses as part of the total monthly obligation. Nothing in the November 2008 agreed judgment suggests that the Court has no jurisdiction to modify the order for direct payment, and nothing now shows that it is appropriate or in the best interest of the children to maintain that provision.

{¶11} The magistrate calculated the daycare expenses based on the evidence submitted by appellee and determined that appellee's annual expense for work-related daycare is $6,486.

{¶12} Appellant filed objections to the magistrate's decision, which were denied by the trial court. Appellant timely appealed and, as his first assignment of error, asserts:

{¶13} "The trial court committed prejudicial error by the child support calculations to include daycare expenses as a credit when prior court order as agreed upon by the parties specifically excluded the line item for annual child care expenses."

{¶14} Under this assigned error, appellant maintains the trial court erred by including daycare expenses in the child support calculation as the parties had agreed, in the November 2008 judgment, that appellant would pay for his portion of the daycare expenses separate from his child support obligation.

{¶15} R.C. 3119.63 requires a child support enforcement agency to review a court child support order. An obligor or obligee may request an administrative hearing on the revised child support order. R.C. 3119.63(E). R.C. 3119.63(E) also requires the agency to give notice that an obligor or obligee may request a court hearing on any

5

revised child support amount resulting from the administrative hearing. Following such a request, the court shall conduct a hearing in accordance with R.C. 3119.66:

> A court that conducts a hearing pursuant to section 3119.66 of the Revised Code shall do both of the following:
>
> (A) If the court determines at the hearing that the revised child support amount calculated by the child support enforcement agency is the appropriate amount, issue a revised court child support order requiring the obligor to pay the revised amount;
>
> (B) If the court determines that the revised child support amount calculated by the agency is not the appropriate amount, determine the appropriate child support amount and, if necessary, issue a revised court child support order requiring the obligor to pay the child support amount determined by the court.

{¶16} The calculation of child support is governed by R.C. Chapter 3119. Pursuant to R.C. 3119.02, in any action in which a court child support order is modified, a court or child support enforcement agency must calculate the amount of a child support obligation according to the schedules and worksheets provided in R.C. 3119.02 through R.C. 3119.24. Although the amount of child support calculated using the schedule and worksheet is "rebuttably presumed" to be the correct amount, the trial court may deviate from the amount determined if, after considering the factors and criteria set forth in R.C. 3119.23, it finds that the amount "would be unjust or inappropriate and would not be in the best interest of the child." R.C. 3119.22.

{¶17} It is well established that an appellate court reviews child support matters under an abuse of discretion standard. *Long v. Long*, 162 Ohio App.3d 422, 2005-Ohio-4052, ¶8, citing *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989).

{¶18} Here, appellant maintains the trial court erred by deviating from the November 2008 agreed judgment. The exclusion of daycare expenses is, however, a

6

departure from the statutory scheme for calculating child support. The record demonstrates the parties were unable to comply with the November 2008 agreement; appellant testified he was entitled to documentation verifying that any daycare expense was in fact work-related, while appellee testified she was unable to comply with the agreement because daycare providers were unwilling to bill appellant directly for daycare expenses. As recognized in the trial court's entry, although the court previously entered an order and permitted such a deviation, "the Court is not required to continue that deviation indefinitely." This is especially true in this case where there is ample evidence that the parties were unwilling or unable to comply with their previous agreement.

{¶19} Additionally, we do not find the trial court abused its discretion in calculating appellee's daycare expenses. Appellant failed to offer any evidence with respect to daycare expenses. Conversely, appellee admitted exhibits demonstrating a monthly daycare expense of $544.60, which constitutes after-school care for the parties' three children. Extrapolating this amount to span a year's time, the trial court found that appellee incurred yearly daycare expenses of $6,486. We do not find the trial court abused its discretion with respect to this finding. In fact, the trial court utilized an amount that calculated only after-school care. In reality, appellee may incur greater monthly costs in the summer months, while the children are on summer recess.

{¶20} Appellant's first assignment of error is without merit.

{¶21} As his second assignment of error, appellant alleges:

{¶22} "The trial court committed prejudicial error to the detriment of appellant by assisting pro se appellee with presenting her case to the court."

7

**{¶23}** Appellant argues that at the hearing, the actions of the magistrate "fogged the line of an impartial tribunal and clearly went beyond the scope of an independent judiciary" by assisting appellee with her case. Appellant cites to portions of the transcript where the magistrate asked questions of appellee and assisted appellee with the handling of her exhibits.

**{¶24}** We begin by noting that appellant did not object to the magistrate's conduct during the hearing, and therefore, he has waived all but plain error.

**{¶25}** Evid.R. 611(A) provides that the trial court has discretion to control the flow of trial including the questioning of witnesses, while Evid.R. 614(B) permits the trial court to interrogate witnesses in an impartial manner.

> **{¶26}** In regard to the examination of witnesses, the trial judge is something more than a mere umpire or sergeant at arms to preserve order in the courtroom. He has active duties to perform in maintaining justice and in seeing that the truth is developed and may for such purpose put proper questions to the witnesses, and even leading questions.

*Jenkins v. Clark*, 7 Ohio App.3d 93, 97 (1982).

**{¶27}** The record reveals that although the magistrate did indeed ask questions of appellee and assisted appellee in basic trial procedure, the trial court did not assume the role of advocate. The magistrate sought clarification from appellee on the issue of reimbursement of daycare expenses and her understanding of the parties' November 2008 agreement. There is no evidence in the record that appellant was denied a fair and impartial hearing. *See Jenkins v. Clark*, 7 Ohio App.3d 93, 98 (1982) (To overcome the presumption of impartiality, the appellant must show bias, prejudice, or that the trial judge prodded the witness to elicit partisan testimony.).

{¶28} Upon the record before us, we do not find the trial court abused its discretion. Further, we find no basis upon which to find plain error.

{¶29} Based on the opinion of this court, the judgment of the Geauga County Court of Common Pleas is hereby affirmed.

CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.