[Cite as *Short v. Short*, 2018-Ohio-3243.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| SEAN A. SHORT, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-P-0087** |
| MICHELLE E. SHORT, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Domestic Relations Division, Case No. 2011 DR 00102.

Judgment: Reversed and remanded.

*William D. Lentz*, Lentz, Noble & Heavner, LLC, 228 West Main Street, P.O. Box 248, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Joseph G. Stafford* and *Nicole A. Cruz*, Stafford Law Co., L.P.A., 55 Erieview Plaza, 5th Floor, Cleveland, OH 44114 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Michelle E. Short, nka Michelle Richardson, appeals from the Judgment Entry of the Portage County Court of Common Pleas, Domestic Relations Division, denying her Motion to Modify Child Support. The issues to be determined by this court are whether a trial court, in ruling upon a request to modify child support, must attach a child support worksheet to its judgment and set forth its reasons for deviating from the amount of support required under the child support guidelines. For the following reasons, we reverse the decision of the court below and

remand for further proceedings consistent with this opinion.

{¶2} Richardson and plaintiff-appellee, Sean A. Short, were married in July 2000. They have two children, T.S., born August 20, 2004, and L.S., born August 7, 2006.

{¶3} On February 28, 2011, Short filed a Complaint for Divorce.

{¶4} A Judgment Entry Decree of Divorce was filed on November 15, 2011, granting the divorce. The child support worksheet provided that Short should pay $597.75 per month. A deviation was found, given that Short spent time with the children several days a week and the division of expenses between the parents, and Short was ordered to pay no child support. A Separation Agreement and Shared Parenting Plan designated Richardson the residential parent and Short was granted parenting time on alternating weekends and on weekdays from 3:00 p.m. to 5:30 p.m. Pursuant to an October 9, 2014 Judgment Entry, the parenting time was amended to provide Short time overnight on Tuesdays and Thursdays and on alternating weekends.

{¶5} On December 11, 2015, Richardson filed a Motion to Modify Allocation of Parental Responsibilities and Motion to Modify Child Support and to Establish a Child Support Order. She asserted a change of circumstances in that Short failed to abide by the parenting time schedule, failed to communicate, and did not pay his portion of all expenses associated with the children.

{¶6} Short filed a January 8, 2016 Motion to Modify Allocation of Parental Rights and Responsibilities, requesting additional parenting time.

{¶7} A hearing was held on October 17, 2017, at which the following pertinent testimony and evidence were presented.

2

{¶8} Michelle Richardson testified that she and Short had agreed to share expenses for the children but that he does not always reimburse her or delays in reimbursing her. She testified that she would prefer receiving child support rather than splitting the children's expenses, given that the two are continually fighting about this issue. She noted that although her salary is greater than Short's, he was "not paying what he's supposed to be paying for the dividing equally" of expenses for the children. The testimony and child support worksheet submitted by Richardson showed that Short earned approximately $42,000 and Richardson earned approximately $66,000.

{¶9} Sean Short testified that he did not believe it was necessary for him to pay child support and denied failing to reimburse Richardson for the children's expenses.

{¶10} On October 23, 2017, the trial court issued a Judgment Entry, in which it made rulings relating to visitation, ordering a "one week on, one week off visitation schedule." It also found that Short earned less income than Richardson and that the parties should continue to equally share expenses. The court finally ruled that "[a]ny motion still pending and not specifically addressed in this Judgment Entry is dismissed."

{¶11} Richardson timely appeals and raises the following assignments of error:

{¶12} "[1.] The trial court erred as a matter of law and abused its discretion by failing to apply the statutory ten percent test when ruling upon appellant's motion to modify child support and to establish a child support order.

{¶13} "[2.] The trial court erred as a matter of law and abused its discretion by deviating Sean's child support obligation below zero."

{¶14} As an initial matter, Short argues within his appellee's brief, under what he characterizes as a "Third Assignment of Error," that there is not a final appealable order.

3

Before proceeding to the merits, it is necessary for this court to determine whether it has jurisdiction to proceed.

{¶15} Pursuant to Section 3(B)(2), Article IV of the Ohio Constitution, a trial court's entry can only be immediately reviewed on appeal if it constitutes a "final order" in the action. *Wells Fargo Bank v. Lawes*, 11th Dist. Geauga No. 2014-G-3244, 2015-Ohio-1211, ¶ 6. Where multiple claims are involved, an entry that enters final judgment as to one or more but fewer than all of the claims is not a final order in the absence of Civ.R. 54(B) language stating that "there is no just reason for delay[.]" *Bencivenni v. Dietz*, 11th Dist. Lake No. 2010-L-098, 2010-Ohio-6057, ¶ 7.

{¶16} While Short contends that the court did not specifically address a child support amount within its judgment, or include language that there is no just reason for delay, we find that there is a final, appealable order.

{¶17} Here, the court addressed the matter of Short's income being less than Richardson and found that the parties should continue to share expenses as provided for in the original Judgment Entry Decree of Divorce. Although not entirely clear, this appears to address Richardson's claim for child support. Regardless, the court also held that any other pending motions were overruled as moot. In either instance, the court has ruled on all pending motions. Whether those rulings were adequate will be addressed under the merits of Richardson's assignments of error.

{¶18} We will consider Richardson's assignments of error jointly, as they are interrelated. In her first assignment, Richardson argues that the lower court disregarded the proper procedure to rule on her motion to modify by failing to apply the statutory "ten percent test" and attach a child support worksheet to its judgment entry. In her second

4

assignment of error, Richardson argues that the court failed to demonstrate that there were any grounds for a deviation from Short's support obligation.

{¶19} "It is well established that a trial court's decision regarding child support obligations falls within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion." *Pauly v. Pauly*, 80 Ohio St.3d 386, 390, 686 N.E.2d 1108 (1997), citing *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989).

{¶20} In relation to a motion to modify child support, R.C. 3119.79(A) provides:

> If an obligor or obligee under a child support order requests that the court modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet through the line establishing the actual annual obligation. If that amount as recalculated is more than ten per cent greater than * * * the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstance substantial enough to require a modification of the child support amount.

{¶21} If there is a substantial change in circumstances warranting a modification of support, the court shall modify the support to be consistent with the child support worksheet/schedule "unless the court determines that the amount calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet would be unjust or inappropriate and would not be in the best interest of the child and enters in the journal the figure, determination, and findings specified in section 3119.22 of the Revised Code." R.C. 3119.79(C). R.C. 3119.22 provides that if a court does deviate, it "must enter in the journal the amount of child support calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the

actual annual obligation, its determination that that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination."

**{¶22}** Here, the trial court's sole statement in relation to the request for support was that Richardson made more money than Short and that the parties should continue to split the children's expenses (as they had done under their prior court order). The court did not attach a child support worksheet, adopt the worksheet prepared by Richardson, or make any findings that it had considered the support worksheet. It did not determine whether there had been a change in circumstances warranting a modification, nor did it find grounds for deviating from the support worksheet submitted by Richardson.

**{¶23}** Pursuant to R.C. 3119.79(A), the court is required to recalculate child support when a request for modification is filed. The court made no indication it did so. Further, since Short was previously paying no support and the presented worksheet showed he would owe $559.42 per month, Richardson asserts that it is clear there was more than a ten percent deviation, which is automatically considered a substantial change of circumstances warranting modification. The court did not address this issue.

**{¶24}** As the Ohio Supreme Court has clearly stated, "any court-ordered deviation from the applicable worksheet and the basic child support schedule must be entered by the court in its journal and must include findings of fact to support such determination." *Marker v. Grimm*, 65 Ohio St.3d 139, 143, 601 N.E.2d 496 (1992). Strict and literal compliance with these requirements has been repeatedly mandated. *DePalmo v. DePalmo*, 78 Ohio St.3d 535, 539, 679 N.E.2d 266 (1997); *Graham v.*

6

*Graham*, 11th Dist. Geauga No. 2002-G-2410, 2003-Ohio-1098, ¶ 8 (the failure to make a finding that a deviation was "unjust and inappropriate" warranted remand).

{¶25} Short concedes that the trial court did not enumerate the deviation factors as required under R.C. 3119.22. He argues that under "the unique facts and circumstances" of this case, no remand is warranted to remedy this error. We disagree.

{¶26} Short notes that Richardson makes around $22,000 more per year than he does, that the children spend approximately 50 percent of their time with each parent, and they were splitting the children's expenses; thus, the court had no grounds to award child support. We recognize that Richardson is still the residential parent and testified she was paying certain expenses for the children and not being reimbursed, with the question raised as to whether she expended more on the children than Short. It was necessary for the court to consider these circumstances in determining whether a deviation was proper. Courts have repeatedly found that the failure to include findings regarding the grounds for a deviation, pursuant to R.C. 3119.22, warrants a remand for the lower court to make the proper findings. *Green v. Tarkington*, 3d Dist. Mercer No. 10-10-02, 2010-Ohio-2165, ¶ 22 (in relation to a child support deviation, the appellate court remanded, since it was "unable to determine whether or not several of the determinations in this judgment entry were an abuse of discretion because the record does not reflect the trial court's reasoning and findings as to how the decisions relate to the best interest of the child"); *In re K.R.B.*, 95 N.E.3d 799, 2017-Ohio-7071, ¶ 25 (8th Dist.) (holding that there must be sufficient information in the entry or record "to allow a reviewing court to discern why the juvenile court did what it did" in relation to child support).

**{¶27}** As to the court's failure to attach a child support worksheet, or to adopt the worksheet submitted by Richardson, the courts of this state have held that this warrants reversal. In *Marker*, the Ohio Supreme Court, in considering a motion to modify child support, held that the trial court's failure to complete a child support worksheet and include it in the record constituted error and that such worksheet is necessary to allow "meaningful appellate review." 65 Ohio St.3d at 142, 601 N.E.2d 496. When addressing a motion to modify child support, a "trial court must actually complete a child-support worksheet and make that completed worksheet a part of the record when it is making a child-support determination" or it must clearly adopt one submitted by the parties. *Long v. Long*, 162 Ohio App.3d 422, 2005-Ohio-4052, 833 N.E.2d 809, ¶ 10 (3d Dist.); *McCoy v. McCoy*, 105 Ohio App.3d 651, 655, 664 N.E.2d 1012 (4th Dist.1995) ("Clearly, a trial court is required to utilize a worksheet in its determination of a motion to modify child support. * * * If the trial court intends to adopt worksheets submitted by a party, the worksheets must be completed, signed by both parties, dated and notarized."). Here, the court neither attached a worksheet of its own nor adopted a worksheet agreed to by both parties.

**{¶28}** Again, Short argues that although there was a "technical failure," the "unique facts" of this case do not warrant a remand, emphasizing the disparity in income and the essentially equal split of parenting time. Based on the discussion outlined above, this factual dispute is one the court should have decided. While this court has recognized that failure to properly include a child support worksheet can amount to harmless error since "the worksheet could prove redundant," this related to circumstances "where the record on appeal sufficiently support[ed] the trial court's

8

judgment and the appealed judgment entry itself [was] sufficiently detailed." *Longo v. Longo*, 11th Dist. Geauga Nos. 2008-G-2874 and 2009-G-2901, 2010-Ohio-3045, ¶ 33.

**{¶29}** Thus, we remand for the trial court to issue a child support decision in which, if it makes a finding of deviation, includes the necessary statutory findings and which includes a child support worksheet as discussed above.

**{¶30}** The first and second assignments of error are with merit.

**{¶31}** For the foregoing reasons, the judgment of the trial court, denying Richardson's Motion to Modify Child Support, is reversed and this matter is remanded for further proceedings consistent with this opinion. Costs to be taxed against appellee.

THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.