[Cite as *Schilling v. Ball*, 2017-Ohio-5511.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| JASON SCHILLING, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2016-L-072** |
| JENNIFER BALL, | : | |
| Defendant-Appellee. | : | |

Appeal from the Lake County Court of Common Pleas, Domestic/Juvenile Division, Case No. 2004 PR 2166.

Judgment: Affirmed.

*Cory R. Hinton,* Hanahan & Hinton, LLC, 8570 Mentor Avenue, Mentor, OH 44094 (For Plaintiff-Appellant).

*R. Russell Kubyn,* Kubyn & Ghaster, LLP, 8373 Mentor Avenue, Mentor, OH 44060 (For Defendant-Appellee).

*Rebecca Castell,* 12690 Opalocka Drive, Chesterland, OH 44026 (Guardian ad litem).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Jason Shilling, appeals from the judgment of the Lake County Court of Common Pleas, granting a motion to modify child support, filed by appellee, Jennifer Ball. We affirm.

{¶2} On May 20, 2008, the parties entered into a shared parenting plan regarding the allocation of parental rights and responsibilities of their minor child.

Pursuant to the original plan, appellee agreed to a standard parenting time/visitation schedule, i.e., parenting time every other Friday until Sunday, along with a Wednesday visit; appellee additionally had two weeks of extended time each summer. Pursuant to the support guidelines, appellee's support obligation would have been $280.96 per month. Based upon the financial circumstances of the parties, as well as the substantial visitation time and expenses paid for the minor child during each party's parenting time, the parties agreed the child support obligation deviated to zero.

{¶3} On August 1, 2011, the parties modified the shared parenting schedule; pursuant to this agreement, the parenting schedule was reversed such that appellant received standard parenting (alternating weekends and one night a week) and the child lived with appellee at all other times. According to the worksheet, appellant would have been required to pay $342.22 per month; the parties, however again agreed that neither party would pay child support because, inter alia, they each were living and paying for their own separate residences and maintaining such residences was in the best interest of the child.

{¶4} On July 9, 2015, appellee filed a motion to modify child support alleging a change of circumstance had occurred justifying the modification. The matter was heard on May 19, 2016; during the hearing, appellant testified he no longer had his own independent residence and had been living with his parents for approximately three years. He claimed he was looking for and expected to obtain his own residence in the future, but had not found one at the time of the hearing.

{¶5} On June 10, 2016, pursuant to the child support worksheet, the trial court ordered appellant to pay child support in the amount of $356.58 per month, retroactively from the date of July 9, 2015. Appellant now appeals, assigning the following as error:

{¶6} "The trial court erred on May 26, 2016 and June 10, 2016 when it granted Ms. Ball's motion to modify child support and ordered that Mr. Schilling pay child support to Ms. Ball given that the court granted the modification without finding a proper substantial change in circumstances that was not contemplated at the time of the issuance of the previous child support order which included an agreed deviation to zero."

{¶7} "A trial court's decision regarding child support obligations falls within the discretion of the trial court and will not be disturbed save a showing of an abuse of discretion." *Longo v. Longo*, 11th Dist. Geauga No. 2004-G-2556, 2005-Ohio-2069, ¶62. The trial court's application of the relevant law, however, requires this court to conduct a de novo review. *See e.g. Manning v. Manning*, 9th Dist. Wayne No. 01CA0063, 2002 WL 347316, *1 (Mar. 6, 2002).

{¶8} R.C. 3119.79, captioned "Change of Circumstances Requiring Modification of Child Support Amount," governs the recalculation of child support. It provides:

{¶9} (A) If an obligor or obligee under a child support order requests that the court modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet through the line establishing the actual annual obligation. If that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be

3

required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstance substantial enough to require a modification of the child support amount.

{¶10} (B) In determining the recalculated support amount that would be required to be paid under the child support order for purposes of determining whether that recalculated amount is more than ten per cent greater than or more than ten per cent less than the amount of child support required to be paid pursuant to the existing child support order, the court shall consider, in addition to all other factors required by law to be considered, the cost of health insurance the obligor, the obligee, or both the obligor and the obligee have been ordered to obtain for the children specified in the order. Additionally, if an obligor or obligee under a child support order requests that the court modify the support amount required to be paid pursuant to the child support order and if the court determines that the amount of support does not adequately meet the medical needs of the child, the inadequate coverage shall be considered by the court as a change of circumstance that is substantial enough to require a modification of the amount of the child support order.

{¶11} (C) If the court determines that the amount of child support required to be paid under the child support order should be changed due to a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order or the last modification of the child support order, the court shall modify the amount of child support required to be paid under the child support order to comply with the schedule and the applicable worksheet through the line establishing the actual annual obligation, unless the court determines that the amount calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet would be unjust or inappropriate and would not be in the best interest of the child and enters in the journal the figure, determination, and findings specified in section 3119.22 of the Revised Code.

{¶12} Appellant contends the trial court erred in granting the modification in child support because it failed, pursuant to R.C. 3119.79(C), to find a "substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order or the last modification of the child support order * * *[.]" *Id.* Appellant

4

maintains the trial court was statutorily required to enter such a finding to justify the modification. Because the court failed to do so, its judgment must be reversed as a matter of law.

{¶13} Alternatively, appellee contends the trial court did not err because the parties previously agreed to a zero child-support obligation and that agreement was reduced to an order. The modified order, however, requires appellant to pay $356.58 per month, which is clearly more than 10 percent greater than zero. According to appellee, such an increase is a presumptive substantial change in circumstances that was not contemplated at the time of the issuance of the last agreed modification. In appellee's view, the amount was sufficient to meet the statutory requirements.

{¶14} Both parties concede that R.C. 3119.79 governs modifications of an existing child-support order; moreover, both parties concede that there must be a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order. Appellant maintains the trial court was required to make this determination without regard to the 10 percent deviation; by contrast, appellee argues that because the order was 10 percent greater than the previous order, the determination was statutorily presumed. We agree with appellee.

{¶15} *In DePalmo v. DePalmo*, 78 Ohio St.3d 535 (1997), the Supreme Court of Ohio held that "[w]hen the court is modifying a preexisting order for the payment of child support, the court must apply the ten percent test established by R.C. 3113.215(B)(4) [now R.C. 3119.79(A) in the Child Support Guidelines and the standards set out in *Marker v. Grimm*, 65 Ohio St.3d 139 (1992)." *DePalmo*, *supra*, at paragraph two of the syllabus.

5

{¶16} The Court in *DePalmo* did not agree with the obligor's argument that the prior order could not be modified because "circumstances at the time of the hearing were substantially similar to those on * * * the date of the original agreement." *Id.* at 536–537. Instead, the Court stated "[o]bviously, when the amount of child support provided by the noncustodial parent is zero, but the Child Support Guidelines clearly establish that the noncustodial parent owes support, then that ten percent difference is clearly met." *Id.* at 540. Accordingly, and despite the previous agreements to deviate the amount to zero, there is no requirement that a court find a substantial change in circumstances beyond the 10 percent difference.

{¶17} The statute considered in *DePalmo* was R.C. 3113.215, specifically, R.C. 3113.215(B)(4). *Id.* at 539–540. Although this subsection has been re-codified as R.C. 3119.79, there has been no change in the statutory requirements. Hence, the court's observations in *DePalmo* still apply. *Mossing-Landers v. Landers*, 2d Dist. Montgomery No. 27031, 2016-Ohio-7625, ¶48.

{¶18} Applying the foregoing to the instant case, appellant's prior support obligation was zero. Pursuant to the support worksheet, appellant is required to pay $356.58 per month, which is clearly more than 10 percent greater than zero. The trial court did not err in modifying the existing order.

{¶19} Appellant's assignment of error lacks merit.

{¶20} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas, Juvenile Division, is affirmed.

6

COLLEEN MARY O'TOOLE, J., concurs,

DIANE V. GRENDELL, J., concurs with a Concurring Opinion.

_____

DIANE V. GRENDELL, J., concurs with a Concurring Opinion.

{¶21} I concur in the majority's decision to affirm the juvenile court's judgment. The plain and unambiguous meaning of R.C. 3119.79(A) is that, when there is a deviation of more than ten percent between an existing support order and the recalculated amount of support, "the deviation * * * shall be considered by the court as a change of circumstance substantial enough to require a modification of the child support amount."

{¶22} The Ohio Supreme Court has expressly rejected the position that a juvenile court must find additional circumstances "not contemplated" by the parties in addition to the ten percent deviation: "The ten percent difference applies to the *change in the amount of child support,* not to the change in circumstances of the parents.  * * * Obviously, when the amount of child support provided by the noncustodial parent is zero, but the Child Support Guidelines clearly establish that the noncustodial parent owes support, then that ten percent difference is clearly met."  (Emphasis sic.) *DePalmo v. DePalmo*, 78 Ohio St.3d 535, 540, 679 N.E.2d 266 (1997); *compare Adams v. Adams*, 2012-Ohio-5131, 982 N.E.2d 103 (3d Dist.), ¶ 30 ("[s]ince the parties' entered into an agreement to deviate the child support obligation to zero * * *, the trial court was required to find more than a ten-percent deviation under R.C. 3119.79(A) * * * [and] also required to find a substantial change in circumstances that was not contemplated at the

7

time of the issuance of the child support order under R.C. 3119.79(C) * * * prior to modifying the child support order").

{¶23} In addition to faithfully applying the statute as written, the Ohio Supreme Court stated additional reasons for its holding: "The law favors settlements. However, the difficult issue of child support may result in agreements that are suspect. In custody battles, choices are made, and compromises as to child support may be reached for the sake of peace or as a result of unequal bargaining power or economic pressures. The compromises may be in the best interests of the parents but not of the child. Thus, the legislature has assigned the court to act as the child's watchdog in the matter of support." *Id.*

{¶24} The Ohio Supreme Court's interpretation and application of the statute has been followed in subsequent appellate decisions. *Cornell v. Cornell*, 2d Dist. Montgomery No. 26732, 2015-Ohio-5296, ¶ 10-11; *Hill v. Hill*, 5th Dist. Coshocton No. 2011 CA 0016, 2012-Ohio-1903, ¶ 20; *Cameron v. Cameron*, 10th Dist. Franklin No. 04AP-687, 2005-Ohio-2435, ¶ 19-20.

{¶25} In the present case, the appellant's existing support obligation was zero. According to the support worksheet, the appellant owes $356.58 per month per child. The ten percent deviation has clearly been met. Neither the statute nor the Ohio Supreme Court require more.

{¶26} Accordingly, I concur in the decision to affirm the juvenile court's judgment.

8