[Cite as *Truckey v. Truckey*, 2019-Ohio-3232.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| JAMES A. TRUCKEY, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-A-0048** |
| STEPHANIE J. TRUCKEY, n.k.a. BOCZAR, | : | |
| | : | |
| Defendant-Appellant. | | |

Appeal from the Ashtabula County Court of Common Pleas, Case No. 2012 DR 0297.

Judgment: Reversed and remanded.

*Malcom Stewart Douglas*, 113 North Chestnut Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Gary S. Okin*, Dworken & Bernstein Co., LPA, 60 South Park Place, Painesville, OH 44077 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1}   Appellant, Stephanie J. Truckey, n.k.a. Boczar ("Ms. Boczar"), appeals from the judgment of the Ashtabula County Court of Common Pleas overruling her objections to a magistrate's decision and denying her motion to modify child support. After a careful review of the record and pertinent law, we reverse the trial court's judgment and remand.

### Substantive History and Procedural Background

{¶2}   Ms. Boczar and appellee, James A. Truckey ("Mr. Truckey"), were divorced on April 2, 2013. A child support guideline worksheet attached to their divorce decree set

Mr. Truckey's child support obligation at $717.72 per month, or $358.86 per month per child. Pursuant to the terms of the shared parenting plan adopted by the divorce decree, the parties deviated the child support obligation to zero.

{¶3} On June 4, 2013, Ms. Boczar filed a motion to terminate and/or modify the shared parenting plan. The parties resolved this motion pursuant to an agreed judgment entry dated May 28, 2014. The agreed judgment entry continued the prior support order deviating Mr. Truckey's support obligation to zero.

{¶4} On November 6, 2015, Ms. Boczar filed a motion to modify child support with an affidavit asserting that "a newly calculated child support amount will be more than Ten Percent (10%) greater than the existing order."

{¶5} A magistrate heard the motion to modify on December 6, 2017, along with two other pending motions. On February 12, 2018, the magistrate issued a decision recommending that the trial court deny Ms. Boczar's motion to modify. The magistrate found that the child support worksheet "does show that based on the income of the parties, calculated support is a 10% change from $0." The magistrate concluded, however, "there has not been a substantial change of circumstances pursuant to R.C. §3119.79(C) to warrant a modification of the child support order."

{¶6} Ms. Boczar filed objections to the magistrate's decision, and for purposes of the objections, Ms. Boczar accepted the magistrate's findings of facts and challenged the decision solely on the magistrate's application of the law.

{¶7} The trial court overruled Ms. Boczar's objections and denied her motion to modify.

{¶8} Ms. Boczar now appeals, bringing the following assignment of error for our review:

{¶9} "The trial court erred in denying a motion to modify child support based on a finding that there was no substantial change in circumstances not contemplated by the parties at the time of issuance of the previous child support order where the evidence established that there was a 10% greater amount calculated for child support than the previous order and such finding statutorily presumes a change of circumstances."

## Standard of Review

{¶10} "A trial court's decision regarding child support obligations falls within the discretion of the trial court and will not be disturbed save a showing of an abuse of discretion." *Schilling v. Ball*, 11th Dist. Lake No. 2016-L-072, 2017-Ohio-5511, ¶7, quoting *Longo v. Longo*, 11th Dist. Geauga No. 2004-G-2556, 2005-Ohio 2069, ¶62. "The trial court's application of the relevant law, however, requires this court to conduct a de novo review." *Id.*

## Our Precedent

{¶11} We were presented with nearly identical facts in *Schilling*, *supra*. In *Schilling*, the parties entered into a shared parenting plan. *Id.* at ¶2. Despite the amount of child support indicated by the guideline worksheet, the parties agreed to deviate the obligation to zero. *Id.* The parties subsequently modified the shared parenting schedule but again agreed that neither would pay child support. *Id.* at ¶3.

{¶12} Thereafter, Ms. Ball filed a motion to modify child support alleging a change of circumstances, which the trial court granted based on the child support worksheet. *Id.* at ¶4-5. Mr. Schilling appealed, arguing the trial court was required to determine if there was a substantial change in circumstances not contemplated at the time of the issuance of the prior child support order without regard to the 10 percent deviation. *Id.* at ¶14.

3

**{¶13}** We rejected Mr. Schilling's argument, holding that "despite the previous agreements to deviate the amount to zero, there is no requirement that a court find a substantial change in circumstances beyond the 10 percent difference." *Id.* at ¶16. Rather, a substantial change in circumstances is "statutorily presumed" in such situations. *Id.* at ¶14.

**{¶14}** First, we noted that R.C. 3119.79, captioned "Change of Circumstances Requiring Modification of Child Support Amount," governs the recalculation of child support. *Id.* at ¶8. This section provides, in relevant part:

**{¶15}** (A) "If an obligor or obligee under a child support order requests that the court modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet through the line establishing the actual annual obligation. *If that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstance substantial enough to require a modification of the child support amount.*

**{¶16}** "* * *

**{¶17}** "(C) If the court determines that the amount of child support required to be paid under the child support order should be changed due to a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order or the last modification of the child support order, the court shall modify the amount of child support required to be paid under the child support order to comply with

4

the schedule and the applicable worksheet through the line establishing the actual annual obligation, unless the court determines that the amount calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet would be unjust or inappropriate and would not be in the best interest of the child and enters in the journal the figure, determination, and findings specified in section 3119.22 of the Revised Code." (Emphasis added.)

{¶18} Second, we cited the Supreme Court of Ohio's decision in *DePalmo v. DePalmo*, 78 Ohio St.3d 535 (1997), which held that "[when] the court is modifying a preexisting order for the payment of child support, the court must apply the ten percent test established by R.C. 3113.215(B)(4) [now R.C. 3119.79(A)] in the Child Support Guidelines and the standards set out in *Marker* [*v. Grimm*, 65 Ohio St.3d 139 (1992)]." *Id.* at 540-41. "Obviously, when the amount of child support provided by the noncustodial parent is zero, but the Child Support Guidelines clearly establish that the noncustodial parent owes support, then that ten percent difference is clearly met." *Id.* at 540.

{¶19} We are aware that other sister districts have held R.C. 3119.79(A) must be read in conjunction with R.C. 3119.79(C) when the parties voluntarily agreed to deviate from the statutory amount of child support. *See, e.g., Adams v. Adams*, 3d Dist. Union No. 14-12-03, 2012-Ohio-5131, ¶30. According to these courts, the trial court must not only find that a 10 percent deviation existed from the original child support order and the recalculated amount under R.C. 3119.79(A), but also that such a change of circumstances was not contemplated at the time of the issuance of the child support order under R.C. 3119.79(C). *See Reik v. Bowden*, 172 Ohio App.3d 12, 2007-Ohio-2533, ¶27 (1st Dist.) ("When parties voluntarily agree to limit the circumstances under which they will seek to modify a support order, they remain bound by the terms that they set forth in

their agreement and cannot modify the order even if they can make a showing of a 10 percent change").

**{¶20}** The rationale underlying such cases, however, appears to conflict with the Supreme Court of Ohio's decision in *DePalmo*. In *DePalmo*, the parties' judgment entry "explicitly incorporated" Mr. DePalmo's "waiver of all support from" Ms. DePalmo. *DePalmo* at 536. Mr. DePalmo subsequently filed a motion for child support. *Id.* Despite the parties' prior agreement, the court did not require Mr. DePalmo to also show a substantial change in circumstances beyond the 10 percent difference. *See DePalmo* at 540-41; *see also Mossing-Landers v. Landers*, 2d Dist. Montgomery No. 27031, 2016-Ohio-7625, ¶65.

**{¶21}** The concurring opinion in *Schilling* succinctly explains the rationale underlying *DePalmo*:

**{¶22}** "The Ohio Supreme Court has expressly rejected the position that a * * * court must find additional circumstances 'not contemplated' by the parties in addition to the ten per cent deviation: 'The ten per cent difference applies to the *change in the amount of child support*, not to the change in circumstances of the parents. * * * Obviously, when the amount of child support provided by the noncustodial parent is zero, but the Child Support Guidelines clearly establish that the noncustodial parent owes support, then that ten percent difference is clearly met.' (Emphasis sic.)" *Schilling* at ¶22 (Grendell, J., concurring), quoting *DePalmo* at 540.

**{¶23}** As noted in the concurring opinion, *DePalmo* not only applied the statute as written, but recognized the realities of family law practice and reminded us all that "'[t]he law favors settlements. However, the difficult issue of child support may result in agreements that are suspect. In custody battles, choices are made, and compromises

6

as to child support may be reached for the sake of peace or as a result of unequal bargaining power or economic pressures. The compromises may be in the best interest of the parents but not of the child. Thus, the legislature has assigned the court to act as the child's watchdog in the matter of support.'" *Id.* at ¶23 (Grendell, J., concurring), quoting *DePalmo* at 540.

{¶24} Accordingly, our holding in *Schilling* remains dispositive.

## Analysis

{¶25} In this case, the magistrate specifically found that the child support worksheet "does show that based on the income of the parties, calculated support is a 10% change from $0." The trial court acknowledged the magistrate's factual finding and this court's holding in *Schilling* but ruled as follows:

{¶26} "In the determination of a motion to modify a child support order that has been deviated to zero by the agreement of the parties, the court should consider all of the evidence relevant to the requested modification. The child support worksheet calculation is one factor to be considered by the court. In the appropriate case it can be the controlling factor. However, it is not the only factor the court can consider."

{¶27} Since the trial court's ruling directly conflicts with our holding in *Schilling*, Ms. Boczar's sole assignment of error has merit.

{¶28} Thus, on remand to determine whether to modify support, the trial court must accept that a substantial change in circumstances has occurred pursuant to R.C. 3119.79(A). The trial court does have discretion pursuant to R.C. 3119.22 to then consider whether a deviation from the amount of support calculated is warranted upon consideration of the statutory factors set out in R.C. 3119.23. While R.C. 3119.03 provides that the child support worksheet calculations are "rebuttably presumed" to be

7

the correct amount of support, R.C. 3119.22 permits deviation if the calculated amount "would be unjust or inappropriate and would not be in the best interest of the child." The deviation must be supported by findings of fact to support the deviation. *Marker, supra,* at 143.

{¶29} In determining whether the amount of support due under the schedule and worksheet is "unjust or inappropriate" and not "in the best interest of the child," the trial court may consider evidence of "any other relevant factor," such as the parties' prior agreement to waive support, so long as the trial court finds that factors underlying the parties' prior agreement are still in existence and most importantly, provide for the best interest of the children. *See* R.C. 3119.23; *see, e.g., Johnson v. Johnson*, 4th Dist. Ross No. 04CA2770, 2004-Ohio-5749, ¶9 (holding that the trial court did not abuse its discretion by granting a deviation where it "determined that appellee was entitled to a deviation based upon his prior agreement to pay for his children's higher education expenses").

{¶30} The judgment of the Ashtabula County Court of Common Pleas is reversed, and the case is remanded for further proceedings.


THOMAS R. WRIGHT, P.J.,

MATT LYNCH, J.,

concur.

8