[Cite as *Short v. Short*, 2019-Ohio-5315.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| SEAN A. SHORT, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-P-0050** |
| MICHELLE E. SHORT, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Domestic Relations Division, Case No. 2011 DR 00102.

Judgment: Affirmed.

*William D. Lentz*, Lentz, Noble & Heavner, LLC, 228 West Main Street, P.O. Box 248, Ravenna, OH 44266-0248 (For Plaintiff-Appellee).

*Joseph G. Stafford* and *Nicole A. Cruz*, Stafford Law Co., LPA, 55 Erieview Plaza, 5th Floor, Cleveland, OH 44114 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1}   Appellant, Michelle E. Short, nka Michelle Richardson ("Ms. Richardson"), appeals the judgment entry of the Portage County Court of Common Pleas, Domestic Relations Division, denying her motion to modify child support, which the court issued following a remand order from this court in *Short v. Short*, 11th Dist. Portage No. 2017-P-0087, 2018-Ohio-3243 ("*Short I*").

{¶2} Ms. Richardson argues that the trial court violated her due process rights by not holding an additional evidentiary hearing on child support and by indicating it would adopt her proposed judgment entry but instead adopting the proposed judgment entry of appellee, Sean A. Short ("Mr. Short"), her former husband and the father of her two minor children.

{¶3} Ms. Richardson also argues that the trial court erred in deviating Mr. Short's child support obligation to zero because (1) the trial court did not make an express finding that a change of circumstance had occurred to justify modifying Mr. Short's child support obligation; and (2) the trial court's justifications for deviating Mr. Short's child support obligation are not supported by the evidence.

{¶4} After a careful review of the record and pertinent law, we find as follows:

{¶5} (1) The trial court did not violate Ms. Richardson's due process rights. The mere fact that a trial court's decision is remanded does not entitle the parties to an additional evidentiary hearing, and our order of remand did not require it. Ms. Richardson was given a full opportunity to present evidence on her motion to modify child support during the first evidentiary hearing and to voice her objections to Mr. Short's proposed judgment entry.

{¶6} (2) The trial court did not abuse its discretion in failing to make an express finding that a change of circumstance had occurred because the applicable statutes do not require this express finding. When the amount as recalculated on the child support worksheet is more than ten per cent greater than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount shall be considered by the court as a change of circumstance substantial enough

2

to require a modification of the child support amount. The trial court's judgment entry demonstrates it considered the deviation from the recalculated amount to be a change of circumstance, although it did not describe it using that terminology.

{¶7} (3) The trial court's findings of fact supporting its determination that the amount of child support would be unjust or inappropriate and not in the best interest of the children are supported by the record.

{¶8} Thus, we affirm the judgment of the Portage County Court of Common Pleas, Domestic Relation Division.

**Substantive and Procedural History**

{¶9} Ms. Richardson and Mr. Short were married in July 2000 and have two minor children together. In February 2011, Mr. Short filed a complaint for divorce in the Portage County Court of Common Pleas, Domestic Relations Division, which was granted in November of that year pursuant to a judgment entry decree of divorce. The child support worksheet provided that Mr. Short should pay $597.75 per month, which was deviated to zero based on the division of time the children spend with each parent and the division of the children's expenses.

{¶10} The parties entered into a shared parenting plan that designated Ms. Richardson as the residential parent for school purposes and set forth the details of the parties' parenting time schedule. The parenting time schedule was amended in October 2014 pursuant to judgment entry.

{¶11} In December 2015, Ms. Richardson filed a motion to modify allocation of parental responsibilities and a motion to modify child support and to establish a child support order. She alleged a change of circumstance in that Mr. Short failed to abide by

3

the parenting time schedule, failed to communicate, and did not pay his portion of all expenses associated with the children.

{¶12}  In January 2016, Mr. Short filed a motion to modify allocation of parental rights and responsibilities where he requested additional parenting time.

### Evidentiary Hearing

{¶13}  Following the parties' exchange of discovery, the appointment of a guardian ad litem, and several continuances, the trial court held an evidentiary hearing on the pending motions on October 17, 2017.

{¶14}  With respect to child support, Ms. Richardson testified that she and Mr. Short had agreed to share expenses for the children but that he did not always reimburse her or delayed in reimbursing her.  She stated that she would prefer to receive child support rather than splitting the children's expenses to avoid continuous fights and disagreements with Mr. Short.

{¶15}  On cross examination, Ms. Richardson acknowledged that her reported income was about $25,000 greater than Mr. Short's but alleged he was "not paying what he's supposed to be paying for the dividing equally" of the children's expenses.

{¶16}  Mr. Short denied Ms. Richardson's allegations that he had not properly reimbursed her for the children's expenses and that there had been arguments between them regarding the issue.

{¶17}  Mr. Short also testified that he is remarried and has two stepchildren.  His current spouse earns approximately $38,000 per year, and her children receive approximately $3,000 per month in social security.

{¶18} On October 23, 2017, the trial court issued a judgment entry, in which it made several rulings relating to visitation and communication issues. With respect to child support issues, the trial court found that although Mr. Short's household income was higher than Ms. Richardson, he personally earned less. Therefore, the trial court ordered the parties to continue to equally share expenses for the children and set up procedures for expense reimbursement. Finally, the court ruled that "[a]ny motion still pending and not specifically addressed in this Judgment Entry is dismissed."

### Short I

{¶19} Ms. Richardson appealed the trial court's judgment entry, which gave rise to this court's decision in *Short I*.

{¶20} In *Short I*, we noted that the trial court's sole statements in relation to child support were that Ms. Richardson made more money than Mr. Short and that the parties should continue to split the children's expenses, pursuant to prior court order. *Id.* at ¶22. We determined that the trial court did not comply with the required statutory provisions by failing to: (1) attach a child support worksheet, (2) adopt the worksheet prepared by Ms. Richardson, (3) make any findings that it had considered the support worksheet, (4) determine whether there had been a change in circumstance warranting a modification, or (5) find grounds for deviating from the support worksheet submitted by Ms. Richardson. *Id.* Thus, we remanded the matter to the trial court "to issue a child support decision in which, if it makes a finding of deviation, includes the necessary statutory findings and which includes a child support worksheet." *Id.* at ¶29.

{¶21} Following remand, the trial court held a hearing on December 21, 2018. No transcript of this hearing has been provided on appeal. Ms. Richardson claims the trial

5

court instructed her to submit a proposed judgment entry adopting the child support worksheet she submitted during the evidentiary hearing in October 2017. Mr. Short claims the trial court instructed each party to submit a proposed judgment that complied with this court's remand order in *Short I*.

{¶22} In any event, both parties submitted proposed judgment entries in January 2019. Ms. Richardson filed a brief in opposition to Mr. Short's proposed judgment entry. Mr. Short also filed a brief in opposition, and both parties filed reply briefs.

### Appealed Judgment Entry After Remand

{¶23} On March 12, 2019, the trial court adopted Mr. Short's proposed judgment entry as its own. The trial court made the following findings of fact: (1) Ms. Richardson's income was $66,267 while Mr. Short's income was $43,500; (2) Mr. Short's new wife has two minor children that receive $3,000 per month in social security benefits because their father is deceased, which constitutes a substitute for child support; (3) pursuant to the companionship schedule, the children spend half of their time with each parent; and (4) a prior order equally divides the children's extra-curricular and school expenses between the parties.

{¶24} The trial court determined that based on the parties' income, Mr. Short's child support obligation would be $286.99 per month per child plus a processing fee. However, the court determined that Mr. Short's payment of that amount, as shown on Exhibit A attached to the judgment entry, would be unjust or inappropriate because of the presence of applicable deviations factors under R.C. 3119.22.

{¶25} The trial court found: (1) pursuant to R.C. 3119.23(D), the children have extended parenting time with Mr. Short, i.e., a 50/50 split between the parents; (2)

6

pursuant to R.C. 3119.23(G) there is a disparity in the parents' income, i.e., Ms. Richardson earns more income than Mr. Short; and (3) the parties equally divide all extra-curricular expenses. Therefore, the trial court deviated Mr. Short's child support obligation to zero.

{¶26} Ms. Richardson now appeals, asserting the following two assignments of error:

{¶27} "[1.] The trial court erred as a matter of law and abused its discretion by ordering a downward deviation of Sean's child support to $0.00 per month.

{¶28} "[2.] The trial court erred as a matter of law and abused its discretion when it prevented the appellant from continuing with the hearing, indicated it would adopt the appellant's proposed judgment entry, then instead adopted the appellee's proposed judgment entry."

{¶29} We will address Ms. Richardson's assignments of error in reverse order.

**Due Process**

{¶30} In her second assignment of error, Ms. Richardson argues that the trial court violated her due process rights following this court's remand order in *Short I*.

{¶31} The question of whether due process requirements have been satisfied presents a legal question we review de novo. (Citations omitted.) *Puruczky v. Corsi*, 11th Dist. Geauga No. 2017-G-0110, 2018-Ohio-1335, ¶17.

{¶32} Both the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution guarantee due process of law, and thus guarantee "a reasonable opportunity to be heard after a reasonable notice of such

hearing." (Citations omitted.) *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 125 (1986).

{¶33} It is undisputed that at the October 2017 hearing, the parties presented testimony and documentary evidence addressing the issue of child support. Ms. Richardson argues that the trial court precluded her from the opportunity to be heard on the issue of child support following this court's remand order in *Short I*.

{¶34} The mere fact that a trial court's decision was remanded does not entitle the parties to an additional hearing. *Flynn v. Flynn*, 10th Dist. Franklin No. 03AP-612, 2004-Ohio-3881, ¶16. Upon remand from an appellate court, the lower court is required to proceed from the point at which the error occurred. *State ex rel. Stevenson v. Murray*, 69 Ohio St.2d 112, 113 (1982); *Mentor Lumber & Supply Co. v. Victor*, 11th Dist. Lake No. 91-L-083, 1992 WL 86527, *1 (Mar. 31, 1992). A remand for further proceedings should not be interpreted as a remand for further hearings where no further hearings would have been required from the point of error forward. *Flynn* at ¶16; *see Cleveland v. Limbach*, 78 Ohio App.3d 189, 191 (8th Dist.1992) (holding that a remand for "further proceedings" does not mandate a de novo hearing). Where the issues on remand are purely legal, holding a hearing may serve no useful purpose. *Flynn* at ¶16.

{¶35} In *Short I*, this court determined that the trial court's errors involved its judgment entry, not the evidentiary hearing. It failed to comply with the statutory requirements to deviate from the amount of child support set forth in the applicable schedule and worksheet. *See id.* at ¶22-26. Thus, we remanded the matter to the trial court to "issue a child support decision" where "if it makes a finding of deviation," it "includes the necessary statutory findings" and "includes a child support worksheet" as

discussed in the opinion. *See id.* at ¶29. We did not order the trial court to conduct an additional evidentiary hearing; rather, we ordered the trial court to issue a legally sufficient child support order based on the evidence it had already heard.

{¶36} Ms. Richardson also asserts that after remand, the trial court instructed her to submit a proposed judgment entry modifying Mr. Short's child support obligation based on her child support worksheet admitted at the October 2017 evidentiary hearing. The trial court's subsequent adoption of Mr. Short's proposed judgment entry means she failed to submit adequate evidence to support her claims. Therefore, she claims she should have been afforded another evidentiary hearing.

{¶37} As an initial matter, Mr. Short disputes Ms. Richardson's version of events, and Ms. Richardson has not filed a transcript of the December 2018 hearing. A party asserting error in the trial court bears the burden to demonstrate error by reference to matters made part of the record in the court of appeals. (Citations omitted.) *P.M.D. Land Co. v. Warner Realty, Inc.*, 11th Dist. Trumbull No. 2011-T-0058, 2012-Ohio-1274, ¶11.

{¶38} In addition, Mr. Short's proposed judgment entry, which the trial court subsequently adopted as its own, does not state Ms. Richardson failed to submit adequate evidence. And the court's adoption of Mr. Short's proposed judgment entry does not necessarily mean that Ms. Richardson did not submit sufficient evidence. The trial court simply could have found Mr. Short's evidence to be more credible.

{¶39} Finally, even if Ms. Richardson had failed to submit adequate evidence at the October 2017 evidentiary hearing, she has cited no legal authority that entitles her to another opportunity. In fact, rehearings or new trials are not essential to due process of

law. *Armstrong v. Armstrong*, 2d Dist. Clark No. CA2951, 1993 WL 76940, *2 (Mar. 17, 1993), quoting *Gallagher v. Harrison*, 86 Ohio App. 73, 77 (1st Dist.1949).

{¶40} Ms. Richardson also argues that she was not given a reasonable opportunity to be heard to object to Mr. Short's proposed judgment entry. However, the record reflects that the parties both filed briefs in oppositions and reply briefs regarding their competing proposed judgment entries prior to the trial court's adoption of Mr. Short's submission.

{¶41} Because Ms. Richardson was given a full opportunity to present evidence on her motion to modify child support during the first evidentiary hearing and to voice her objections to Mr. Short's proposed judgment entry, we find that her due process rights were not violated.

{¶42} Ms. Richardson's second assignment of error is without merit.

**Denial of Motion to Modify Child Support**

{¶43} In her first assignment of error, Ms. Richardson argues that the trial court erred as a matter of law and abused its discretion in deviating Mr. Short's child support obligation to zero.

*Standard of Review*

{¶44} A trial court's decision regarding child-support obligations falls within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion. *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989). "An abuse of discretion is the trial court's 'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004). There is no abuse of discretion where there is some

competent, credible evidence supporting the trial court's decision. *Cameron v. Cameron*, 10th Dist. Franklin No. 06AP-793, 2007-Ohio-3994, ¶5, citing *Ross v. Ross*, 64 Ohio St.2d 203, 208 (1980).

### *Applicable Law*

{¶45} Effective March 28, 2019, the General Assembly amended R.C. Chapter 3119, which governs child support, including R.C. 3119.79(A), R.C. 3119.22, and R.C. 3119.23. *See A.S. v. J.W.*, 157 Ohio St.3d 47, 2019-Ohio-2473, ¶2, fn. 1. Ms. Richardson's motion was filed, and the trial court's entries were issued, prior to this effective date. Therefore, we interpret and apply the version of R.C. Chapter 3119 applicable prior to amendment.

### *Legal Standards*

{¶46} When a court is modifying a preexisting order for the payment of child support, the court must apply the ten percent test established by R.C. 3119.79(A). *See DePalmo v. DePalmo*, 78 Ohio St.3d 535 (1997), paragraph two of the syllabus. That provision states:

{¶47} If an obligor or obligee under a child support order requests that the court modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet through the line establishing the actual annual obligation. If that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the

11

applicable worksheet shall be considered by the court as a change of circumstance substantial enough to require a modification of the child support amount. R.C. 3119.79(A).

{¶48} A child support order which requires zero support to be paid is an existing child support order. (Citations omitted.) *Foss v. Foss*, 5th Dist. Richland No. 05 CA 7, 2005-Ohio-3614, ¶12. When the amount of child support is zero, but the child support guidelines clearly establish that support is owed, then the ten percent difference is clearly met. *See DePalmo* at 540. In such situations, a substantial change of circumstance is statutorily presumed. *See Schilling v. Ball*, 11th Dist. Lake No. 2016-L-072, 2017-Ohio-5511, ¶14; *Truckey v. Truckey*, 11th Dist. Ashtabula No. 2018-A-0048, 2019-Ohio-3232, ¶13.

{¶49} The guideline amount of child support is rebuttably presumed to be the correct amount of child support due. R.C. 3119.03. R.C. 3119.22 permits the court to "order an amount of child support that deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, if, after considering the factors and criteria set forth in section 3119.23 of the Revised Code, the court determines that the amount * * * would be unjust or inappropriate and would not be in the best interest of the child."

{¶50} If a trial court decides to deviate, it "must enter in the journal [1] the amount of child support calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, [2] its determination

that that amount [a] would be unjust or inappropriate and [b] would not be in the best interest of the child, and [3] findings of fact supporting that determination."  R.C. 3119.22.

{¶51}  Court-ordered deviations from the schedule and worksheet are not permitted absent full and strict compliance with the statutory requirements.  *See DePalmo* at 538-39, citing *Rock v. Cabral*, 67 Ohio St.3d 108, 110 (1993), and *Marker v. Grimm*, 65 Ohio St.3d 139, 141-42 (1992).

### *Change of Circumstance*

{¶52}  Ms. Richardson argues that the trial court erred by not making an express finding that a change of circumstance had occurred to justify modifying Mr. Short's child support obligation.  However, the applicable statutes do not require the trial court to make an express finding of a change of circumstance.

{¶53}  Under R.C. 3119.79(A), the trial court must "*recalculate* the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet."  (Emphasis added.)

{¶54}  Under R.C. 3119.22, the trial court "must *enter* in the journal the amount of child support calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation."  (Emphasis added.) The trial court's failure to complete its own worksheet is not erroneous so long as the court clearly adopts one of the parties' worksheets.  *Long v. Long*, 162 Ohio App.3d 422, 2005-Ohio-4052, ¶11 (3d Dist.), citing *Anderson v. Anderson*, 147 Ohio App.3d 513, 2002-Ohio-1156, ¶85–86 (7th Dist.).  The adopted worksheet must be a fully completed worksheet containing all of the information that the trial court relied upon as mandated by statute.  *Id.*, citing *Anderson* at ¶86.

13

{¶55} In this case, the trial court noted that the parties previously agreed to deviate Mr. Short's child support obligation to zero. The trial court stated that Mr. Short's obligation would be $286.99 per month per child plus a processing fee "without considering any deviation factors" and referenced Exhibit A attached to the entry, which is a fully completed child support worksheet prepared by Mr. Short's counsel. Thus, the judgment entry reflects that the trial court *recalculated* and *entered* the amount of child support pursuant to the applicable worksheet. *See* 3119.79(A) and 3119.22.

{¶56} If the recalculated amount "is more than ten per cent greater than or more than ten per cent less than the amount" under "the existing child support order," the deviation from the recalculated amount "*shall be considered by the court* as a change of circumstance substantial enough to require a modification of the child support amount." (Emphasis added.) R.C. 3119.79(A).

{¶57} When, as here, the amount of child support is zero, but the child support guidelines clearly establish that support is owed, then a substantial change of circumstance is statutorily presumed. *See Schilling* at ¶14; *Truckey* at ¶13.

{¶58} In this case, after recalculating and entering the amount of child support, the trial court determined such amount was unjust or inappropriate and set forth applicable deviation factors. Thus, the judgment entry reflects that the trial court *considered* the deviation from the recalculated amount to be a change of circumstance. *See* R.C. 3119.79(A).

{¶59} By contrast, in *Janecek v. Marschall,* 11th Dist. Lake No. 2013-L-136 & 2014-L-013, 2015-Ohio-941, we held that a trial court modifying a prior decree allocating parental rights and responsibilities pursuant to R.C. 3109.04(E) was required to make a

specific finding that a change of circumstances had occurred. *See id.* at ¶18. According to R.C. 3109.04(E)(1)(a), the trial court may not modify "*unless it finds* * * * that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree." (Emphasis added.)

{¶60} When the legislature does not explicitly require a court to make certain statutory findings on the record, its intent is that there be no such requirement. *See Schaeffer v. Schaeffer*, 1st Dist. Hamilton Nos. C-020721 et al., 2004-Ohio-2032, ¶29. R.C. 3119.22 is quite specific about what determinations a trial court is required to enter in the journal if it deviates from the calculated amount of child support. *See Hartley v. Jones*, 3d Dist. Hancock No. 05-12-35, 2013-Ohio-2381, ¶31. An express finding of a change in circumstances is not among them.

{¶61} Therefore, the trial court did not abuse its discretion by not making an express finding of a change of circumstance.

### *Findings of Fact*

{¶62} Ms. Richardson argues that the trial court's justifications for deviation are not supported by the evidence from the October 2017 hearing.

{¶63} Under R.C. 3119.22, the trial court "must enter in the journal * * * findings of fact supporting * * * its determination that that amount would be unjust or inappropriate and would not be in the best interest of the child." The trial court "may consider any" of the factors set forth in R.C. 3119.23(A) through (O) and "any other relevant factor" pursuant to R.C. 3119.23(P) to determine whether to grant a deviation pursuant to R.C. 3119.22. *See* R.C. 3119.23. A trial court's findings in support of a deviation need not be

15

so specific as to support the particular numbers chosen by the court. *Ohlemacher v. Ohlemacher*, 9th Dist. Lorain No. 04CA008488, 2005-Ohio-474, ¶22.

### Extended Parenting Time

{¶64} Under R.C. 3119.23(D), a trial court "may consider * * * [e]xtended parenting time or extraordinary costs associated with parenting time." The trial court found that Mr. Short has extended parenting time, i.e., a 50/50 split with Ms. Richardson.

{¶65} Ms. Richardson argues that the trial court incorrectly relied on this factor because a parent is not entitled to an "automatic credit" in child support obligations for time spent with the children under a shared parenting order.

{¶66} This argument originates from the Supreme Court of Ohio's decision in *Pauly v. Pauly*, 80 Ohio St.3d 386 (1997), where the court addressed whether a parent paying child support under a shared parenting plan was entitled to an automatic credit for the time his children reside with him under a previous iteration of R.C. 3119.24(A). *See id.* at 387. The court found that the relevant statute did not provide for an automatic credit, contrary to the holdings of some appellate courts. *See id.* at 388-89, citing *Weddell v. Weddell*, 2d Dist. Montgomery No. 14274, 1994 WL 312933, *3 (June 29, 1994) (finding that the statutes "independently mandate that the trial court give the custodial parent a child support credit while that parent has custody under a shared parenting order"), and *Gillum v. Malishenko*, 2d Dist. Greene No. 95CA114, 1996 WL 402338, *6 (July 19, 1996) (finding "the trial court must recognize Gillum's statutory support obligation and offset it against Malishenko's obligation"). The court held that the statute instead permitted the trial court to make an evaluation on a case-by-case basis, taking into account the specific facts of each case. *See id.* at 389.

16

{¶67} In this case, there is no indication that the trial court applied an automatic credit for Mr. Short's extended parenting time. Instead, it appears the trial court simply found it to be an applicable factor supporting deviation based on the evidence.

{¶68} Ms. Richardson also argues that Mr. Short did not "point to any extraordinary costs that he incurs as a consequence of his parenting time." However, R.C. 3119.23(D) permits the trial court to consider "extended parenting time *or* extraordinary costs associated with parenting time." (Emphasis added.) There is no requirement that a finding under R.C. 3119.23(D) include both elements.

{¶69} Finally, Ms. Richardson argues that Mr. Short's "approximately 50% parenting time" does not constitute an "extended" period of time.

{¶70} The phrase "extended parenting time" in R.C. 3119.23(D) is not defined. *Qi v. Yang*, 2d Dist. Greene No. 2012-CA-24, 2012-Ohio-5542, ¶16. Courts have generally found that it contemplates something more than parenting time during the standard visitation schedule established by the court for all non-custodial parents. *See, e.g.*, *Havens v. Havens*, 10th Dist. Franklin No. 11AP-708, 2012-Ohio-2867, ¶29-30 (collecting cases).

{¶71} As indicated, Mr. Short has extended time with the children pursuant to the parties' shared parenting plan. Further, the testimony at the October 2017 evidentiary hearing demonstrates that under the parties' existing parenting schedule, Ms. Richardson had more time with the children. Under the changes the parties agreed to during the hearing, the split would be approximately 50/50. Thus, the trial court's factual finding regarding Mr. Short's "extended parenting time" under R.C. 3119.23(D) is supported by the record.

17

### *Disparity in Income*

{¶72}   Under R.C. 3119.23(G), a trial court "may consider" * * * [d]isparity in income between parties or households."  The trial court found a disparity in income between the parties based on Ms. Richardson's annual income of $66,267 compared to Mr. Short's annual income of $43,500.  These figures are supported by the record.

{¶73}   Ms. Richardson does not dispute there is a disparity in the *parties'* income.  Rather, she asserts that the trial court incorrectly relied on this factor because Mr. Short's *household* income is $117,500.

{¶74}   In its judgment entry, the trial court found that Mr. Short was remarried and listed his current wife's annual income of $38,000.  It further found that Mr. Short's two minor stepchildren receive $3,000 per month in social security benefits "because their father is deceased."  It characterized this payment as "a substitute for the child support" for Mr. Short's stepchildren.

{¶75}   Thus, the trial court's judgment entry demonstrates that it considered both individual and household income but found that deviation was justified based on the disparity of income between Ms. Richardson and Mr. Short.

{¶76}   Ms. Richardson also claims the trial court found that Mr. Short "benefits" from his current wife's annual income and the social security payments.   Under R.C. 3119.23(H), the trial court "may consider * * * [b]enefits that either parent receives from remarriage or sharing living expenses with another person."

{¶77}   Contrary to Ms. Richardson's assertion, the trial court did not make this finding.  However, the trial court's discussion of the income sources resulting from Mr. Short's remarriage demonstrates that it considered R.C. 3119.23(H).

{¶78} In essence, Ms. Richardson disputes the method by which the trial court weighed the factors under R.C. 3119.23(G) and (H). The trier of fact is charged with determining the amount of weight to be accorded a given piece of evidence. *Patrick v. Patrick,* 11th Dist. Lake No. 95-L-025, 1995 WL 803578, *3 (Nov. 3, 1995). Reversal is not appropriate simply because opinions may differ about the precise evidentiary weight to be given to a factor. *Lopez-Ruiz v. Botta*, 10th Dist. Franklin No. 11AP-577, 2012-Ohio-718, ¶18. Therefore, we cannot say that the trial court abused its discretion.

### *Division of Expenses*

{¶79} Finally, the trial court found that deviation was justified because "all extra-curricular expenses are divided equally between each parent." Ms. Richardson points to her testimony at the evidentiary hearing where she alleged that Mr. Richardson does not always reimburse her and sometimes reimburses her untimely.

{¶80} Ms. Richardson's disputed testimony does not make the trial court's finding unsupported by record. As the trial court noted in its judgment entry, Ms. Richardson and Mr. Short were required to equally divide all expenses for the children pursuant to a prior court order. Thus, the trial court's finding recognizes a continuation of its prior order. Under R.C. 3119.23(C), a trial court is permitted to consider "[o]ther court-ordered payments" in determining whether to grant a deviation.

{¶81} In addition, the trial court specifically addressed the concerns Ms. Richardson raised in her testimony. In the judgment entry appealed in *Short I*, the trial court set forth a dispute resolution procedure for the reimbursement of expenses, including the possibility of a finding of contempt or incarceration for a party's failure to comply.

{¶82} Further, Ms. Richardson always had the right to file a motion for contempt for Mr. Short's alleged violations of the prior court order. The record does not reveal Ms. Richardson availed herself of that procedure but instead sought to modify the child support order.

{¶83} In sum, the trial court's findings of fact in support of its determination that the amount of child support would be unjust or inappropriate and not in the best interest of the children are supported by the record.

{¶84} Ms. Richardson's first assignment of error is without merit.

{¶85} Based on the foregoing, the judgment of the Portage County Court of Common Pleas, Domestic Relations Division, is affirmed.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.